## THOMAS NORRIS *v.* GEORGE BLEAKLEY

In a justice's court, the absence of the plaintiff upon the day to which the cause has been adjourned is a discontinuance of the action.

And where the trial of a cause was commenced, and after the defendant had opened his defence it was adjourned, and the plaintiff failed to attend on the adjourned day, *held*, that the justice erred in proceeding with the defendant's testimony and awarding judgment in his favor, although a counter-claim had been interposed.

This court cannot, on reversing the judgment of a justice's court, preserve the testimony of a witness who has left the state since the former trial, and whose testimony cannot be again procured. The power of the court is exhausted upon a

reversal, except where the judgment appealed from is entered by default, which is the only case wherein a new trial may be ordered.

APPEAL by plaintiff from a judgment of the Fourth District Court. This action was brought by the plaintiff, a stable keeper, against the defendant, a physician, to recover for the keep of his horse, &c. The answer, in addition to a general denial, contained a defence of payment and a counter-claim. The trial of the cause was commenced on the 25th of January, 1855. The plaintiff closed his testimony on that day, and the defendant opened his case; but before he concluded the cause was adjourned by the justice, upon his own motion, to the 6th day of March. On that day the clerk of the plaintiff's counsel appeared and asked for an adjournment, on account of the counsel's engagement in another court. The motion was denied, and he left the court-room. The defendant then proceeded and closed his case, and the justice rendered judgment in his favor for twenty-five dollars. From this judgment the plaintiff appealed.

*Ten Broeck and Van Orden*, for the appellant, cited 2 Cowen's Treatise, 578 and 587; *Sprague* v. *Shed*, 9 Johns. R. 140; *Seaboard and Roanoke R. R. Co.* v. *Ward*, 1 Abbott's Pr. R. 46.

*J. D. and T. D. Sherwood*, for the respondent, cited *Smith* v. *Morgan*, Ms. Gen. T. Com. Pleas, Sept. term, 1855; *Sperry* v. *Mayor*, 1 E. D. Smith C. P. R. 361; *Cockle* v. *Underwood*, 1 Abbott's Pr. R. 1.

BRADY, J.—The plaintiff having rested his case in the court below, the defendant commenced his defence, and before his proofs were completed the cause was adjourned, by consent, until the 6th of March, 1855. The defendant had pleaded payment and a counter-claim among his defences, and on the 6th of March, to which the cause had been adjourned, the plaintiff did not appear. The defendant, nevertheless, proceeded with

his proofs, and the justice rendered judgment in his favor for $25.

Prior to the Code of Procedure, and down to the adoption of Rule 47 of the late Supreme Court in 1845, if, the jury having retired to consider upon their verdict, the plaintiff did not answer when they returned to the bar to render it, the judgment of the court was that of nonsuit (1 Burrill's S. C. Pr. 241, and cases cited; *Gale* v. *Hoysradt,* 7 Hill, 179); but the result of the plaintiff's not appearing on the day to which the cause was adjourned was the same, notwithstanding the 47th rule of the Supreme Court above referred to, which did away with the practice of calling the plaintiff only after the jury had retired.

In justices' courts the failure of the plaintiff to appear was a discontinuance of the action in effect (*Sprague, &c.* v. *Shed,* 9 Johns. 140; *Green* v. *Angel,* 13 Johns. 469); and whatever changes the Code may have created in the practice in courts of record by the provisions for affirmative relief to the defendant, this, as we shall see presently, is still the rule as to justices' courts.

The eighth section of the Code of Procedure declares the act by which it is created to be divided into two parts—the first relating to courts of justice and their jurisdiction, and the first four titles of the second part relating to actions in *all* the courts of the state, and the other titles to mayors' courts of cities, to recorders' courts of cities, and to courts of record specifically named. The 15th subdivision of section 64 declares, that the provisions of the act respecting forms of action, parties to actions, the rules of evidence, the times of commencing actions, and the service of process on corporations, shall apply to these courts. Neither of the sections 263 and 274, which provide for affirmative relief to the defendant, is embraced within the first four titles of the second part of the Code; and there is no section by which they are made applicable to justices' courts. The power given by the sections just mentioned was doubtless designed to enable the courts of record to enforce the equity jurisdiction which was acquired by the changes in the judicial system, in

addition to the authority they possessed in actions of a purely common-law character. Whether this be so or not, the justices' courts, being creatures of the statute, have no power save that which is expressly given by the legislature; and no such power as that exercised in this case having been delegated, the justice was wrong in proceeding with the action in the absence of the plaintiff, and the judgment pronounced by him must be reversed.

This conclusion renders it unnecessary to consider the other questions presented by the appeal.

The respondent asks us to preserve the testimony of P. Grady, a witness who has left the state, and whose evidence cannot be procured again, provided the judgment be reversed. This we cannot do. It is the duty of this court to reverse the judgment, and that done the power of the court is exhausted, except in cases where the judgment is entered by default, in which case only a new trial may be ordered. The proceedings in any further action between the parties cannot be interfered with by this court.

The defendant was entitled to judgment of dismissal; and as the justice has rendered a judgment in favor of the defendant, and has also awarded to him damages, as we are authorized to affirm or reverse the judgment in whole or in part, we reverse so much of the judgment as allows the defendant damages, and affirm the judgment in defendant's favor as a mere judgment of dismissal, without costs to either party.

