DAVID WILLIAMS, Appellant, v. JOHN J. BITNER, Respondent.

(GENERAL TERM, SEVENTH DISTRICT, SEPTEMBER, 1869.)

Section 64 of the Code, permits a counter-claim in a Justices' Court, of the same nature, as the counter-claim allowed in actions in this court.

And a defendant may recover upon a counter-claim in that court, to an amount not exceeding $200, over and beyond extinguishing the plaintiff's claim.

THE facts are stated in the opinion of the court.

G. W. Rawson and C. S. Baker, for the appellants, cited 2 R. S., 234, § 50; 2 R. S., 234, 235; 2 E. D. Smith, 317; 37 How., 299.

J. A. Stull, for the respondent.

Present—E. D. SMITH, JOHNSON and J. C. SMITH, JJ.

Williams v. Bitner.

By the Court—JAMES C. SMITH, J.   Appeal from a judgment of the Monroe County Court in favor of the defendant, on a verdict rendered in that court, upon appeal from a justice's judgment in favor of the plaintiff.

In the Justice's Court, the plaintiff declared on a promissory note, which, as appears from the evidence, was given to him by the defendant for the rent of a farm. . The defendant, in his answer, denied the complaint, and also alleged, separately, that he was induced to enter into the lease, and to give the note in suit by false and fraudulent representations made by the plaintiff; and he "consequently claimed affirmative ju lgment in his favor against the plaintiff, by way of co unter-claim, to the amount of $200."

The plaintiff recovered a judgment before the justice for $106 damages and costs.   On appeal to the County Court the case was tried before a jury, and the defendant recovered a judgment for $200 damages, besides costs.          ◦

It is now claimed by the counsel for the plaintiff, that in rendering such judgment, the County Court exceeded its jurisdiction.   The argument submitted is, that the County Court, having only an appellate jurisdiction in the case, could render no other, or different judgment, than might have been rendered in the Justice's Court; that the only case in which an affirmative judgment for damages can be recovered by a defendant against a plaintiff in a Justice's Court, is where he establishes a set-off, which is greater than the claim established by the plaintiff, in which case he may have judgment in his favor, after extinguishing the plaintiff's demand, to an amount not exceeding $100; and that the counter-claim of the defendant in this case does not consist of matter that can constitute a set-off.

The argument above stated is erroneous in assuming that the right of a defendant to recover damages in a Justice's Court, is limited to the case of a strict set-off.   He may set up a *counter-claim* in a proper case, and if he establishes it, may recover on it.   The right to set up a counter-claim is expressly given by § 64 of the Code as amended in

1867.  The legislature, in adopting that amendment, are presumed to have employed the term "counter-claim," in view of the definition given to it in section 150 of the Code, which was then in force, and is *in pari materia*.  Within that definition, the cause of action interposed by the defendant in the present case is clearly embraced.

As the defendant had the right to set up the counter-claim in the Justice's Court, he had also a right to recover on it in that court, to an amount not exceeding $200, provided, he established it to that amount, over and beyond extinguishing the plaintiff's claim.  In respect to so much of the defendant's counter-claim as remained after the plaintiff's claim was extinguished, the defendant was the actor, and the action is to be regarded as if it had arisen thereon.  As such portion of the defendant's claim did not exceed $200, the justice had jurisdiction to try it, and to render judgment in favor of the defendant for that amount.  Since, therefore, the judgment which the defendant recovered in the County Court, was one which the justice had jurisdiction to render, the question whether the County Court, on appeal, can render a judgment exceeding in amount the jurisdictional limit set upon Justices' Courts, does not arise, and need not be considered.  The questions of evidence presented by the exceptions require no comment.  The judgment of the County Court should be affirmed.

Judgment affirmed.