## MATTESON VS. ELLSWORTH.

PLEADING: (1) *General denial, qualified.* (2, 3) *Counterclaim.*
EQUITY: (3) *Suit to cancel fraudulently altered note.*

1. Where a complaint states three several causes of action, and the answer alleges that each and every allegation of the complaint is untrue, " except as hereinafter expressly admitted and stated or denied," and then makes no further reference to two of the causes of action, this is a general denial as to them.

2. An answer does not state a counterclaim unless it alleges facts which would be a sufficient ground for a separate suit by the defendant against the plaintiff (or, in case of several defendants, by one of them against whom plaintiff may take a separate judgment).

3. *Quaere* whether the maker of a promissory note, past due, which has been fraudulently altered since its execution, can maintain an action against the holder to have the note delivered up to be canceled. If not, such maker cannot, in a suit upon the note, demand its surrender and cancellation by way of counterclaim.

APPEAL from the Circuit Court for *Fond du Lac* County.

The defendant appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

*Moses Hooper*, for appellant.

*J. M. Gillet*, for respondent.

LYON, J. It is sufficient to state, without setting out the complaint in full, that the plaintiff claims that it contains three causes of action: one for money had and received by the defendant of and from the plaintiff; another for interest; and still another on a promissory note for three hundred dollars, given by the defendant to the plaintiff.

The answer commences with what purports to be a general denial, in the following form: " That each and every allegation and statement in the plaintiff's complaint contained is false and untrue, *except as hereinafter expressly admitted* and stated or denied." It then alleges 'that the note in suit was originally given for two hundred dollars, and that afterwards, and without

the privity, knowledge or consent of the defendant, the plaintiff fraudulently altered the same by changing the word "two" to "three," so as to make the note express a promise to pay three hundred dollars, instead of two hundred dollars as it was originally given. The answer also contains a demand for affirmative relief, to wit, that the plaintiff be adjudged to surrender up the note and cancel the same. It contains no specific allegation concerning the plaintiff's demand for money had and received, or for interest, independently of the demand upon the note. All of the specific allegations and statements in the answer relate exclusively to the note.

When the action came on for trial, the plaintiff, by her counsel, moved for judgment on the causes of action stated in the complaint for money had and received and for interest, on the ground that those causes of action were not denied by the answer. The court permitted the plaintiff to withdraw the claim upon the note; ruled out all evidence on the part of the defendant; and granted the plaintiff's motion for judgment. Judgment was thereupon duly perfected and entered for the plaintiff; and the defendant appeals therefrom to this court.

That the causes of action for money had and received, and for interest, are denied by the answer, seems to us very clear; and we are entirely unable to understand the process of reasoning by which the learned circuit judge reached the opposite conclusion. The answer certainly denies all the allegations of the complaint except as thereinafter "expressly admitted and stated or denied." But the allegations of the complaint which state causes of action against the defendant for money had and received, and for interest, are not "expressly admitted and stated or denied" in the answer, after such general denial. No allusion whatever is made to them. Hence, those causes of action are not within the exception, and are, therefore, included in the general denial.

Let us state the propositions in another form: The answer denies all of the causes of action stated in the complaint except

such as are by the answer "expressly admitted and stated or denied." The causes of action for money had and received, and for interest, are not "expressly admitted and stated or denied" in the answer. Therefore they are denied.

The existence of these two causes of action having been denied by the answer, it was error to give the plaintiff judgment therefor without evidence; and for that reason the judgment of the circuit court must be reversed.

For the purposes of this appeal we have taken it for granted that the complaint states three causes of action. But the counsel for the plaintiff will pardon us if we advise him to obtain leave of the circuit court, before the action is again tried, to amend the complaint so that it will indicate a little more clearly than it now does that more than one cause of action is stated therein.

It was argued by counsel for the appellant, that the answer contained a counter-claim, in that it demanded that the note be surrendered and cancelled; and inasmuch as no reply thereto was interposed, the defendant was entitled to judgment for the relief demanded.

It is the first essential of a counterclaim that it shall, of itself, be a distinct cause of action in favor of the defendant and against the plaintiff in the action, between whom a several judgment might be had. R. S., ch. 125, sec. 11; 1 Tiffany & Smith's Pr., 378; *Gunn v. Madigan, ante* p. 158.

Our attention has not been called to any case which holds that a party may sustain an action to compel the holder of a promissory note, past due, which had been fraudulently altered after it was executed, to surrender the same to be cancelled. Unless such an action could be maintained, the allegations of the answer do not constitute a counterclaim, and no reply thereto was necessary. We have not felt it our duty to examine the question, and do not wish to be understood as indicating any opinion upon it.

*By the Court.*—Judgment reversed, and new trial awarded.