### RESCH VS. SENN and another.

PLEADING. (1 2) *Counterclaim, how pleaded.* EQUITY. (3, 4) *Fraud in obtain-ing note; equitable remedy.*

1. Where facts which might form the basis of a counterclaim are stated in the answer expressly as " a defense," the addition of a demand for positive relief will not give to the pleading the character of a counterclaim.
2. To constitute a valid counterclaim, facts must be stated upon which defendant might maintain a distinct action against the plaintiff.
3. Equity will not cancel an overdue promissory note on the ground that it was obtained by fraud, where there is no delay in prosecuting the note, and no special circumstances which would render the defense at law difficult and uncertain.
4. In an action on the note, therefore, an answer which merely avers that it was obtained by fraud, does not state facts sufficient to constitute a counterclaim; and upon proof or admission of the execution and delivery of the note and the amount due thereon, plaintiff (*without any reply made*) is entitled to judgment, unless evidence is introduced to sustain the *defense* of fraud.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action upon a promissory note executed by the defendants to the plaintiff. Complaint in the usual form. The answer admits the making and delivery of the note as alleged in the complaint, and "for further defense" states certain facts, which, if true, show that the note was fraudulently obtained and without consideration. It also contains the following demand for relief: "Wherefore the defendants demand that the complaint of the plaintiff be dismissed, and that these defendants be allowed their costs; that the said note be delivered up and can

Resch vs. Senn and another.

celled; and for such other and further relief as to the court may seem just and equitable." To this answer there was no reply.

When the action was brought to trial, and before any other proceedings were taken, the defendants moved the court for judgment upon the pleadings, on the ground that the answer constitutes a counterclaim, to which there was no reply. The court overruled such motion, and the plaintiff then read the note in evidence, and rested his case. The defendants there-upon renewed the motion for judgment, which was again over-ruled by the court. No testimony was offered by the defendants, and no other or further testimony was given on the trial.

The plaintiff had a verdict and judgment for the amount due on the note by its terms; and the defendants appealed.

*F. F. Wilde*, with *J. Mayham & J. F. McMullen*, of counsel, for appellants:

1. The new matter in the answer constituted a counterclaim, and, in the absence of a reply, the defendants were entitled to judgment. R. S., ch. 125, sec. 16; *Moyer v. Gunn*, 12 Wis., 385. The fraud here set up arises immediately out of the contract or transaction set forth in the complaint, and a determination may be had upon it without the presence of the other parties. R. S., ch. 125, sec. 11, subd. 2. It furnishes good ground for equitable interposition to cancel the note, and that relief ought not to be denied because it is also a defense at law to an action thereon. R. S., ch. 122, sec. 8: 2 Story's Eq. Jur., §§ 700–4. The note was given upon the purchase of an interest in land, by one of the defendants as guardian of two minors, who were also interested therein; and there would be an equitable lien upon the land for the amount of it if there was no fraud. An action might be maintained to extinguish such lien, on the ground that the purchase was induced by the fraudulent representations of the plaintiff as to his ownership of such interest. 2. In the case of *McConihe v. Hollister*, 19 Wis., 269, the counterclaim could not be determined without the presence of another party; and in that of *Barker v. Knicker-*

*bocker Life Ins. Co.*, 24 Wis., 630, the defendant treated the action as at issue without a reply, thereby waiving it. Those cases have only decided that new matter, constituting either a defense or a counterclaim, cannot be held to be the latter, unless either so pleaded or relied on as such. It is not essential to a counterclaim that it be called so in terms in the answer. *Jarvis v. Peck*, 19 Wis., 74.

*Coleman & Thorp*, for respondent:

The answer does not purport to plead any facts by way of counterclaim, but merely by way of defense. *Burrall v. DeGroot*, 5 Duer, 379; *McConihe v. Hollister*, 19 Wis., 269: *Roys v. Lull*, 9 id., 324; *Wood v. Lake*, 13 id., 84; *Dolph v. Rice*, 21 id., 590; *Bates v. Rosekrans*, 37 N. Y., 409.

LYON, J. The only question to be determined on this appeal, is, Does the answer contain a counterclaim? If it does, it would seem that the motion of the defendants for judgment for want of a reply should have been granted, although no notice of the motion was served as provided by the statute. R. S., ch. 125, sec. 16. But, however this may be, the failure to reply to a counterclaim is an admission by the plaintiff that the same is true, and a judgment in his favor entered on the trial, in the face of an admission made by the pleadings that there ought to be no such judgment, is clearly erroneous, and should be reversed. *Bridge v. Payson*, 5 Sandf., 210. If the answer does not contain a counterclaim, the judgment should be affirmed, inasmuch as the execution of the note was admitted, as well as proved, and there was no testimony given or offered tending to show that it was not a valid note.

It is the first essential of a counterclaim that it shall of itself be a distinct cause of action existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had. R. S., ch. 125, sec. 11; *Matteson v. Ellsworth*, 28 Wis., 254.

In the present case, unless the defendants could have main-

tained an equitable action against the plaintiff to compel him to surrender the note in suit for cancellation, the answer does not contain a counterclaim, but only a defense, to which no re· ply was necessary or allowable.

We are not aware that it has ever been held that an action in equity may be maintained by a party to an overdue promissory note, to compel a surrender thereof for cancellation, especially after a suit at law has been brought upon the note, in which suit every objection to the validity of the note is available as a defense. Suppose, under the practice before the code, this action had been brought, and the defendants had filed their bill in equity to restrain proceedings therein, and to compel the plaintiff to surrender the note to be cancelled. Would not the chancellor have said to the complainants, the makers of the note, that they had an adequate and a complete remedy at law, by setting up in the action against them the alleged fraud and want of consideration as a defense?

The doctrine of the jurisdiction of courts of equity in such cases is very ably discussed by Chancellor KENT, in *Hamilton v. Cummings*, 1 Johns. Ch. R., 517 ; and, after reviewing the English authorities, he states his conclusions as follows :

" Perhaps the cases may all be reconciled on the general principle that the exercise of this power is to be regulated by sound discretion, as the circumstances of the individual case may dictate ; and that the resort to equity, to be sustained, must be expedient, either because the instrument is liable to abuse from its negotiable nature, or because the defense, not arising on its face, may be difficult or uncertain at law, or from some other special circumstances peculiar to the case, and rendering a resort here highly proper and clear of all suspicion of any design to promote expense and litigation."

In the present case there is no such liability to abuse because of the negotiable character of the note, for it is overdue, and a transfer of it would not prejudice the defendants ; neither is the defense to the note, if true, difficult or uncertain at law,

but plain, easy and complete; neither are there any special circumstances, such as delay in prosecuting the note, which afford grounds for the interposition of a court of equity.

We are of the opinion, therefore, that the answer does not contain a counterclaim, because after the action was commenced the defendants could not have maintained an action against the plaintiff to compel him to surrender the note for cancellation. See *Matteson v. Ellsworth, supra.*

But, conceding that the facts stated in the answer constitute the proper subject matter of a counterclaim, yet they are not pleaded as such, but are expressly pleaded as a " defense." Had the answer simply stated the facts, and demanded affirmative relief, it might be held to constitute a counterclaim under our decision in *Gunn v. Madigan*, 28 Wis., 158; but it is difficult to perceive on what principle the averments in an answer, which the pleading expressly says are interposed as a *defense*, can be held to constitute a *counterclaim*. In *Burrall v. De Groot*, 5 Duer, 379, an answer almost precisely like this was held not to amount to a counterclaim, and we think the ruling in that case was right.

*By the Court.*—The judgment of the circuit court is affirmed.