BIRKETT and another vs. HIRD.

*October 12 — October 31, 1882.*

FINAL SETTLEMENT *of mutual accounts: when set aside.*
FINDINGS OF FACT: *when not disturbed.*

It is well settled that a full and final settlement of mutual accounts, which has been fairly and deliberately made, will not be set aside except upon *clear and satisfactory* evidence of mistake or fraud therein; but the findings of the trial court upon the question of a mistake will not be disturbed by this court unless they appear to be contrary to the *fair preponderance* of evidence.

APPEAL from the Circuit Court for *La Fayette* County. The case is stated in the opinion. The defendant appealed from a judgment in favor of the plaintiffs.

*Henry S. Magoon,* for the appellant.

For the respondents there was a brief by *Carter & Cleary,* and oral argument by *Mr. Carter.*

COLE, C. J. This is an action to surcharge a partnership account, and to recover from the defendant $500, which, it is alleged, was improperly allowed him on the settlement of the partnership transactions. The case involves a simple question of fact. The learned counsel for the defendant, in his able argument, relies upon the well settled rule of law that a full and final settlement of mutual accounts, which has been fairly and deliberately made, is held conclusive, and will not be set aside except upon clear and satisfactory evidence of mistake or fraud therein. The contention is about a $500 check, which, it is claimed on the part of the plaintiffs, was improperly allowed the defendant on the settlement, when it should have been treated as the individual money of *James Birkett.* Consequently, on the settlement of the partnership matters, the defendant was credited with that sum as advanced by him. The parties agreed as to the delivery of this $500 check by *James Birkett* to the defendant, and they also

Birkett and another vs. Hird.

agree that the money represented by the check belonged to the drawer. The dispute is as to what disposition was made of the money drawn on the check. The defendant says he paid $349 out of it to one Bainbridge for hogs which the partnership had purchased, and the balance, $151, he gave back to *James*. The plaintiff *James Birkett* positively denies that any portion of this money went to pay for the hogs which were purchased of Bainbridge, or that any was ever returned to him. This is the substance of the testimony of the parties, who alone could speak from personal knowledge of the transaction. True, there were some other items of evidence given on the trial to corroborate the statements of the conflicting witnesses, but they are not important. We judge that the case turned in the court below mainly on the credit of the principal witnesses. The questions of fact were submitted to a jury, who evidently believed the statements of the plaintiff. The learned circuit judge made a finding of facts in which he took the same view of the evidence. Under these circumstances the rule on which counsel relies, that a settlement will not be disturbed except upon clear and satisfactory proof of mistake, is met by another well established rule of this court, which is, that it will not set aside the findings of the trial court, on questions of fact, unless they appear to be contrary to the fair preponderance of evidence.

It is quite obvious that the jury and court below, who saw and heard the witnesses testify on the trial, had a great advantage over the members of this court in determining the question of their credibility. They might have been aided in arriving at their conclusion by some explanation of the confused partnership accounts which does not appear in the record. However this may be, it seems both the jury and court found that the whole check of $500, which the defendant distinctly admits he received, was omitted from or was not properly credited in the settlement made. We cannot say that this conclusion was unwarranted by the evidence.

And while we have no intention of disturbing the salutary rule as to the binding effect of a settlement fairly made, we do not, under the circumstances, feel justified in saying that the plaintiffs did not clearly establish an error in the settlement of the partnership affairs, within the rule of law on the subject. If there were any intelligible accounts of the partnership dealings and settlement, we could with more confidence say there was no error therein. But there are no such accounts; the matter rests largely upon the statements of witnesses; therefore we feel constrained to hold that the findings of the trial court must stand.

The court also found that the plaintiffs were the joint owners of the $500 in dispute, which is contrary to our understanding of the matter, if that sum was really due from the defendant to any one. But even if the court was in error in its finding on that point, it would not prejudice the defendant, providing he was bound to account for that sum. He took no objection in his answer that there was a misjoinder of parties plaintiff. He relied solely on a settlement. So, upon the whole case, we think the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.