FREEMAN, Appellant, vs. BOLZELL, Respondent.

*May 2 — June 1, 1885.*

*Settlement of mutual accounts.*

A settlement of mutual accounts or claims presumptively covers everything, whether mentioned or not; and is conclusive unless impeached for fraud or mistake.

APPEAL from the Circuit Court for *Grant* County.

The case is thus stated by Mr. Justice CASSODAY:

"This action was commenced in justice's court to recover the balance of an alleged indebtedness of $164 from the defendant to the plaintiff, for work and labor of the plaintiff, his team, and wife during the years 1881 and 1882, and for 100 pounds of corn meal. The answer, besides special denials, alleged a full and complete settlement between the parties, November 20, 1882, of all previous transactions had between them; that upon such settlement it was found that the defendant was then indebted to the plaintiff in the sum of $11.50, whereupon the defendant paid to the plaintiff $15, which was at the time accepted by him in full satisfaction and discharge of all claims set up in the complaint. The plaintiff replied, denying the settlement, and alleging that certain items were never included in nor covered by such settlement. On the trial before the justice, judgment was rendered in favor of the defendant. The plaintiff appealed to the circuit court, where the cause was re-tried, and a

verdict rendered in favor of the defendant. From the judgment entered upon the verdict the plaintiff appeals."

*J. P. Smelker*, for the appellant.

For the respondent there was a brief by *A. W. & W. E. Bell*, and oral argument by *Mr. A. W. Bell*.

CASSODAY, J.  We cannot hold that the verdict is against the uncontradicted evidence. The complaint fails to allege any mistake or fraud in the settlement. The mere failure to mention all the items of work or deal between the parties at the time of the settlement, did not prevent its being conclusive. Such omissions upon the one side may have induced omissions upon the other. Besides, any item so omitted may have been paid for, or denied, or gratuitous, or omitted for some other special reason. That there was a settlement seems to be established beyond all controversy. The plaintiff's qualified denial is to the effect that he did not agree to be satisfied with it. But there is evidence that, on the settlement, the defendant paid the plaintiff more than was found his due, and that he thereupon expressed himself as fully satisfied.

The defendant testified, in effect, that it was a fair settlement, and nothing left out; that he never had any corn meal of the plaintiff, but did of his son-in-law, and paid him for it. Another witness testified that he was present at the settlement, and took down the items; and that it was a full and complete settlement up to the time; and that the defendant then paid the plaintiff more than was found to be due him; and that he thereupon expressed himself as well satisfied. The jury had the right to believe this evidence. Upon the principles stated, the court properly refused to instruct the jury, in effect, that the settlement was only conclusive as to such claims as were actually included in the settlement, or that the plaintiff was entitled to recover for such claims as were not included in the settlement. Such

instruction would have been misleading. By it the jury would have been induced to believe that the settlement was only conclusive as to the items actually mentioned at the time, and that the plaintiff was entitled to recover for all items not so actually mentioned, regardless of whether the omission to mention them was intentional or by mistake. A settlement of mutual accounts or claims presumptively covers everything, whether mentioned or not; and is conclusive unless impeached for fraud or mistake. Here there was no such impeachment. The only remaining question, therefore, was whether there had, in fact, been such a settlement. Upon that point the court charged the jury: "If you find from the evidence that there was a settlement between these parties, that settlement would be conclusive between them, unless the evidence clearly shows that in making said settlement some fraud was practiced upon the plaintiff; or unless it clearly appears to you that in making said settlement the plaintiff, by mistake, omitted some item or items from his account, or that the amount agreed upon was, by mistake, less than it should have been." This charge was clear, and covered the only question involved. The exception to it is overruled. The other instructions requested were either covered by the charge given, or inapplicable to the issue.

*By the Court.*— The judgment of the circuit court is affirmed.