HARTEL, Respondent, vs. KITE, Appellant.

*December 13, 1887 — January 10, 1888.*

*Justices' courts: Default by plaintiff: Judgment: Counterclaim.*

If, after an adjournment in a justice's court, the plaintiff fails to appear within one hour after the time to which the adjournment shall have been made, the only judgment which the justice can render is one of nonsuit, even though a counterclaim has been pleaded. Sec. 3659, R. S.

APPEAL from the County Court of *Dodge* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The respondent commenced an action in justice's court against the appellant to recover a small sum alleged to be due him for work and labor. On the return day of summons, the parties appeared, and the plaintiff made his complaint orally, alleging that the defendant was indebted to him in the sum of $9.43 for work and labor done and performed by the plaintiff for said defendant and at his request, during the fall of 1884 and winter of 1885, and demanded judgment for the same and costs. The defendant then asked security for costs, and the court ordered security to be given. The defendant answered a general denial; and then answered, by way of counterclaim, that in the fall of 1884 the plaintiff contracted with the defendant to cut and pile in a good and workman-like manner 100 cords of wood for fifty cents per cord, and that the plaintiff failed to perform said contract; that he failed by not properly splitting said wood; and that plaintiff neglected to pile a large amount of said wood, and allowed it to lie on the ground, thereby greatly damaging and injuring the value thereof, to the defendant's damage of $40; and demanded judgment for $40, with costs, against the plaintiff.

Plaintiff demurred to that part of the answer alleged as a counterclaim. The demurrer was overruled, and the plaintiff excepted.

Defendant further answered that the pay for cutting and splitting said wood was to be one-half cash, and the balance in orders on any store in the city of Beaver Dam the defendant should direct. The case was then adjourned to the 8th of February, 1886, at 9 o'clock in the forenoon, at the office of the justice.

On the adjourned day the case was properly called, and held open one hour. The defendant appeared, but the

plaintiff failed to appear.    The court took the testimony of the defendant to prove his alleged counterclaim, and upon such evidence rendered judgment in favor of the defendant and against the plaintiff for the sum of $14.99, and costs amounting to the sum of $6.82; in all, the sum of $21.81.

On the 20th day of February, 1886, the plaintiff filed his notice of appeal from said judgment to the county court of Dodge county, and on the 5th day of April, 1886, the justice made his return to said court on such appeal.   At the June term of said county court, 1886, said court tried said case upon said appeal, on the record and proceedings returned to said court by said justice, and rendered judgment reversing the judgment of the justice in favor of said defendant, with costs to the plaintiff for the sum of $26.35. From this judgment of said county court the defendant appealed to this court.

For the appellant the cause was submitted on the brief of *H. L. Eaton.*   To the point that when the defendant has set up a counterclaim the plaintiff cannot discontinue except as to his own claim, he cited *McLeod v. Bertschy,* 33 Wis. 324.

The cause was submitted for the respondent on the brief of *W. E. Keeley.*   The case of *McLeod v. Bertschy,* 33 Wis. 324, relates to practice in courts of record, and does not apply to justices' courts.   Sec. 3659, R. S., requires a judgment of nonsuit in a case like the one at bar.   This section is imperative and mandatory.   *Combs v. Dunlap,* 19 Wis. 591.   The plaintiff may withdraw his action and submit to a nonsuit at any time before the jury render their verdict. *Platt v. Storer,* 5 Johns. 346; 2 Cowen's Treatise, 336.   His right to do so is not affected by the fact that a setoff is pleaded in defense.   *Bidwell v. Weeks,* 2 Hilton, 106.

TAYLOR, J.   The only important question in the case is whether the justice's court erred in hearing the evidence of

Hartel vs. Kite.

the defendant as to his counterclaim on the adjourned day, when the plaintiff failed to appear in the action, and rendering judgment in favor of the defendant on such counterclaim. We think it very clear that the only judgment the justice could legally render in the action, upon the default of the plaintiff, was a judgment of nonsuit, with costs in favor of the defendant. A justice's court acquires its jurisdiction from the statute, and, when the statute explicitly directs what must be done under certain circumstances no other thing can lawfully be done. Sec. 3659, R. S., upon the subject of judgments in justices' courts, says: "Judgment of nonsuit shall be rendered against the plaintiff prosecuting an action before a justice of the peace in the following cases: (1) if he discontinue or withdraw his action; (2) if he fail to appear on the return of any process, within one hour after the same is returnable; (3) if, after an adjournment, he fail to appear within one hour after the time to which the adjournment shall have been made; (4) if he becomes nonsuited on the trial." The statute is very plain, and there are no exceptions to the rule laid down. It does not say he shall be nonsuited unless the defendant has set up a counterclaim, but that he shall be nonsuited if he fails to appear on the adjourned day at the proper time. The rule established by courts of record that a plaintiff shall not be permitted to dismiss his action without leave of the court, where the defendant in his answer has set up a counterclaim, has no bearing upon the question. A counterclaim is not mentioned in the statute regulating the proceedings in justices' courts; and it may be doubtful whether a defendant would be permitted, if objected to, to set up in his answer matter simply constituting a counterclaim, except such counterclaim be in fact a setoff. The section regulating pleadings in justices' courts does not mention counterclaim as a pleading in such court. See sec. 3626, R. S. Subd. 1 of said section says: "The pleadings

in these cases are (1) the complaint of the plaintiff; (2) the answer of the defendant." Subd. 3 says: "The complaint shall state in a plain and direct manner the facts constituting the cause of action." Subd. 4 says: "The answer may contain a denial of the complaint, or of any part thereof, and also notice in a plain and direct manner of any facts constituting a *defense*." There is certainly nothing in these provisions of the statute which authorizes a defendant to plead a counterclaim in an action in justice's court. Secs. 4258–4263, R. S., undoubtedly give the defendant the right to plead a setoff in a justice's court; and sec. 4264, R. S., would seem to imply that a counterclaim can only be pleaded in a court of record. It is only in the statute regulating the practice in courts of record that the counterclaim is mentioned as a proper pleading in an action. Our statute regulating proceedings in justices' courts is literally the same as the New York statute was previous to 1867. In that year the legislature of that state amended the provision declaring what the answer may contain, by adding at the end thereof and after the word "defense" the words "or counterclaim." This was pretty clear legislative declaration that previous to that amendment no counterclaim could be set up in the defendant's answer. See 2 Edmond's Stats. at Large (N. Y.), p. 240, sec. 64; 3 R. S. of N. Y. (6th ed.), p. 470, sec. 64; *Williams v. Bitner*, 1 Lans. 200–202.

In New York, under a statute like ours in regard to non-suits in justices' courts, it was decided by the New York common pleas, in *Norris v. Bleakley*, 3 Abb. Pr. 107, that when the parties had appeared and partly tried the case, and the defendant had introduced some proof to sustain his setoff, and then adjourned by consent, and on the adjourned day the plaintiff failed to appear, it was error for the justice to hear the evidence of the defendant to prove his setoff; and a judgment rendered in favor of the defendant

for the amount of his setoff was reversed. It was also held in that case that the provision of the Code in regard to affirmative relief to defendant in courts of record did not apply to justices' courts. See 3 Wait's Law & Pr. (5th ed.), 240. Sec. 3571, R. S., among other matters, provides "that all laws of a general nature are to apply to justices' courts, so far as the same may be applicable." The statute has made no express provision for pleading a counterclaim in a justice's court, and, the law which treats of counterclaims being a law regulating courts of record only, that law cannot be applicable to a justice's court, especially when the application of such general law would conflict with an express provision of the statute regulating the proceeding in such court.[1]

*By the Court.*— The judgment of the county court is affirmed.

---

[1] *Note by* Taylor, J. Since filing the foregoing opinion my attention has been called to ch. 197, Laws of 1882, which amends subd. 4. sec. 3626, R. S., and permits a counterclaim to be pleaded in justices' courts. But the case is governed by the provisions of sec. 3659, R. S., and what is said in the opinion upon the theory that a counterclaim was not authorized by law is not essential to the decision.