COMMERCIAL BANK OF MILWAUKEE, Respondent, vs. THE FIRE INSURANCE COMPANY OF THE COUNTY OF PHILADELPHIA, Appellant.

*December 6, 1892 — January 10, 1893.*

*Insurance against fire: Settlement: Fraud: Counterclaim: Law and equity.*

1. After the amount to be paid by an insurance company upon a loss had been settled and agreed upon, the insured assigned his claim to a bank. In an action by the bank to recover said amount, a counterclaim alleging that the settlement was procured by fraud on the part of the insured, and praying that it be declared void or be surcharged and reformed, is *held* demurrable. If the settlement is void for fraud, that is a perfect defense and no equitable relief against it is necessary.

2. In such action, based upon the settlement, the defendant company cannot ask that the policy be declared void on the ground that, after it had discovered the fraud and given notice to the assured that it repudiated the settlement, the latter refused to submit to an examination as required by the policy.

APPEAL from the Superior Court of *Milwaukee* County. The facts are sufficiently stated in the opinion.

For the appellant there was a brief by *Miller, Noyes & Miller,* and oral argument by *George H. Noyes.* They contended, *inter alia,* that the facts stated in the portion of the answer demurred to are pleaded as "a second, separate, and further equitable defense and by way of counterclaim." There can be no doubt that they constitute an equitable defense, and the demurrer was therefore improperly sustained. *Burr v. C. C. Thompson & W. Co.* 78 Wis. 227; *Keller v. Keller,* 80 id. 325. They also constitute a good equitable counterclaim. The remedy of the defendant in this case is to ask by such a counterclaim that the adjustment be set aside for fraud, to the end that its rights and the obligations of the assured under the policy may be restored as they were prior to the adjustment, and the liability of the defendant determined by the adjudication of the court. *Van Trott v. Wiese,* 36 Wis. 439; *Gould v. Cayuga Co. Nat. Bank,* 86 N. Y. 75; *Herman v. Gray,* 79 Wis. 182; *Wilson v. Hooser,* 76 id. 391; *Magoon v. Reber,* id. 392; *Hosleton v. Dickinson,* 51 Iowa, 244; *Du Pont v. Davis,* 35 Wis. 631.

For the respondent there was a brief by *Turner & Timlin,* and oral argument by *W. H. Timlin.* They argued, among other things, that the demurrer is merely intended to raise the question whether the issues are to be tried by a court of law or equity. Although this portion of the answer in question purports to be pleaded as an equitable defense and as a counterclaim, the demurrer challenges it only upon the ground that it is insufficient as a counter-

claim. The plaintiff was obliged to take this objection in this way or, by failing to do so, to waive the objection and thereby transform this action at law into an equitable action triable before the court. *Boorman v. Sunnuchs*, 42 Wis. 247; *Jones v. Collins*, 16 id. 594; *Peck v. School Dist.* 21 id. 517; *Tenney v. State Bank*, 20 id. 163, 164; *Sherry v. Smith*, 72 id. 339; *Pennoyer v. Allen*, 50 id. 308, 310; *Pennoyer v. Allen*, 51 id. 360; *Sheldon Co. v. Mayers*, 81 id. 632; *Wisner v. Ocumpaugh*, 71 N. Y. 117; *N. Y. C. Ins. Co. v. Nat. Prot. Ins. Co.* 14 id. 90; *Dobson v. Pearce*, 12 id. 156. In order to constitute an equitable counterclaim so as to entitle the defendant to a trial in a court of equity, there must be some facts pleaded which, while available as a counterclaim, are not available to defeat the legal action; or it must appear that the court is required to exercise equitable power, or afford some positive and affirmative relief which can be given only in equity, and that the facts relied on do not afford a defense to the legal action made under sec. 2657, R. S. *Resch v. Senn*, 31 Wis. 138; *Mc-Conihe v. Hollister*, 19 id. 269; *Matteson v. Ellsworth*, 28 id. 254; *Burrall v. De Groot*, 5 Duer, 379; *Barker v. Knickerbocker L. Ins. Co.* 24 Wis. 630.

ORTON, J. This appeal is from the order sustaining the demurrer to the counterclaim.

The complaint charges, in effect, that the Island Sash & Door Company of Milwaukee obtained a policy of insurance from the defendant on a part of its lumber, manufactured stock, and machinery on the 26th day of January, 1891; that a loss to said property by fire occurred on the 7th day of June, 1891, and that on the 18th day of June, 1891, said loss was *adjusted* and *settled* at the sum of $671.88, which the defendant promised and agreed to pay. This claim was assigned to the plaintiff bank, and judgment thereon is demanded, with interest.

The counterclaim is, in effect, as follows: The defendant and the assured, after the loss occurred, proceeded, pursuant to the terms of the policy, to ascertain and estimate the amount of the loss chargeable on account of said policy. The defendant examined certain books and accounts of the assured, which it then represented to the defendant were just and true and correctly represented the amount and character of the property covered by the policy at the time of the alleged loss. The defendant was compelled to rely upon said books and accounts and said representations, and believed the same to be true and accurate, in ascertaining and estimating the amount of said loss, and the amount was adjusted according to the figures and amounts in Exhibit A, attached. Many disagreements arose as to the amount and figures properly chargeable to each of the items in the policy, and they were finally inserted in said exhibit as the result of mutual concessions and compromises, and the total amount was ascertained at the sum of $671.88. At the time of so examining the books and accounts as aforesaid they were not true or accurate, nor did they represent the true amount, value, and character of the property covered by the policy, but, on the contrary, the same had been, prior to said time, knowingly and wilfully altered and falsified by said insured for the purpose of deceiving the defendant and concealing from it the true amount, value, and character of the property covered by the policy, and for the purpose of inducing the defendant to make said adjustment. The facts were not known, nor could they be ascertained, by the defendant at the time, and, had they been known, the defendant would not have made said adjustment; but they were discovered some time thereafter, and thereupon the defendant immediately repudiated said adjustment and notified the assured that it refused to be bound thereby but would rely upon the terms and conditions of the policy, and gave notice in writing to the as-

sured and its officers to produce, in accordance with the terms of the policy, its books of account, bills, invoices, and other vouchers designated in said notice, for further examination, and that its managers and secretary submit to examination under oath at the time and place designated in said notice, all of which the assured and its officers refused to do. By said false representations the amount of said property destroyed by fire and covered by the policy was vastly overstated, and the defendant does not know and has no means of ascertaining, without the aid of the court, the proper amount chargeable to the defendant on account of the policy. The examination of said books of account is necessary, and also the examination of the secretary and manager of the assured company. The adjustment should be reformed and surcharged, by the ascertainment of the proper amounts after such examination, *unless* the assured, by said attempted fraud and the failure to submit to examination as required by the policy, has rendered said policy entirely void and fully discharged and released the defendant from all liability thereon. The prayer is: First. That the policy be declared null and void, and the defendant discharged and released from all liability thereon. Second. If the court should not hold said policy avoided, as aforesaid, then that said adjustment may be surcharged and reformed, so as to contain the amount properly chargeable to the defendant on account of said loss, and to each item under said policy and the proportionate part thereof chargeable to the defendant, and that the same be ascertained and adjudged, and for further relief.

The two grounds of the demurrer are that the court has no jurisdiction, and the answer does not state a counterclaim. If the answer states only matters of defense at law, then a court of equity has no jurisdiction of it. The answer is anomalous. First. It sufficiently alleges facts that show that the settlement was obtained by the assured

by fraud. Second. That the defendant has given notice to the assured to produce its books of account, bills, invoices, and other vouchers, and its managers and officers, for examination, according to the terms of the policy. This must be for the purpose of aiding the defendant to defend the action on the policy. It can have nothing to do with this action, brought solely on the settlement and adjustment of the amount of the loss by the parties. Third. It asks that such an examination be submitted to for the purpose of reforming and surcharging the settlement. How can that be done, and leave any settlement by the parties? If it is reformed or changed by the court, it is no longer a settlement by the parties themselves, and the cause of action of this suit is destroyed. The plaintiff has brought this action on this settlement or account stated, and has the right to do so, so long as it remains intact. The defendant proposes to take this settlement into a court of equity, and have it changed, reformed, and, as a settlement, utterly destroyed. The court can correct a *mistake* in a settlement, but not a *fraud*. The plaintiff had its action on the policy, but after a settlement of the matters in controversy it had its action only on that. If the settlement is held void for fraud, then it has again its action on the policy. These are legal remedies. The defendant purposes to have this settlement reformed and changed, and then have the plaintiff pursue its remedy on such a modified settlement in equity. This would certainly be the invention of a new action.

The prayer is equally anomalous. First. That the policy be declared void for the fraud. Second. "If the court should hold said policy not avoided as aforesaid," then that the policy be reformed. In other words, if the court should hold that there was no fraud in the settlement, then the settlement must be reformed. If there was fraud, as alleged, the only possible legal conclusion is that it is void, and it is set aside. That is the end of the plaintiff's ac-

tion. *Martin v. Beckwith*, 4 Wis. 219; *Birkett v. Hird*, 55 Wis. 650; *Freeman v. Bolzell*, 63 Wis. 378. If the defendant should not prove the fraud alleged, then the settlement is conclusive between the parties as it is, and it cannot be changed or reformed. These remedies are contradictory and inconsistent. If the settlement is void for fraud, then there is no settlement to be reformed. If the settlement is void for fraud, is it necessary for the defendant to go into a court of equity by its answer to an action at law, to have the settlement set aside or avoided? Most certainly not. If such an answer is sustained in this action, the cause of action, which is the settlement, is defeated and gone forever by virtue of a judgment for the defendant, and such judgment would be conclusive of the question, as much as a decree or judgment in equity. The plaintiff should not be restrained from its action at law, where the answer shows that there is a clear and adequate defense at law. *Pennoyer v. Allen*, 50 Wis. 308. Where the invalidity of the plaintiff's claim appears in an action at law, the court will not interfere upon a counterclaim to set it aside or enjoin it. *Sheldon Co. v. Mayers*, 81 Wis. 627. The matters of the answer constitute a clear defense at law. Fraud vitiates the settlement, and defeats it in an action at law. They are, therefore, not available as a counterclaim. *Resch v. Senn*, 31 Wis. 138; *McConihe v. Hollister*, 19 Wis. 270; *Matteson v. Ellsworth*, 28 Wis. 254; *Barker v. Knickerbocker L. Ins. Co.* 24 Wis. 630.

If this settlement had not already been brought into court and challenged for fraud, the defendant might have had it brought before the court in equity by an original complaint, and had it set aside for fraud; and so as to a promissory note, contract, or deed, and the only remedy would be in a court of equity. But this settlement is already before the court by action upon it, and within reach of an adequate defense at law, and the equitable remedy is

not necessary.    So far as the examination of the secretary
or other officers of the assured corporation is concerned, or
the production for examination of its books of account and
other vouchers, the statutory rules of practice present the
means of compelling both without going into equity.    The
demurrer was properly sustained on both grounds, of an
adequate remedy at law, and that the answer does not
state a counterclaim.    The defendant cannot ask for a for-
feiture of the policy in such an action, but may defeat the
action on the settlement for fraud.    *Western Ass. Co. v.
Towle,* 65 Wis. 247.

*By the Court.*— The order of the superior court is affirmed,
and the cause remanded for further proceedings at law.