## BACHER, Appellant, vs. GRAY, Respondent

*December 3 — December 17, 1901.*

*Justices' courts: Pleading: Amendment on appeal: Setoff: Payment into court: Judgment.*

1. If, in justice's court, a setoff was not pleaded but evidence in support of it was improperly received, on appeal and a trial upon the record of the justice an amendment of the answer should not be allowed so as to make the consideration of such evidence proper, when plaintiff had not been heard on that issue in the justice's court and it was too late for him to be so heard.

2. In an action in justice's court it is not necessary that a setoff be pleaded as a counterclaim and be so denominated, the practice in that regard being governed by subd. 4, sec. 3626, Stats. 1898 (providing that the answer may contain "notice, in a plain and direct manner, of any facts constituting a defense").

3. Where in justice's court a setoff is allowed as a partial defense, and the defendant at the time of filing his answer had deposited in court the balance of plaintiff's claim, the latter is not entitled to judgment for such balance, the deposit being at his command without such a judgment.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge.  *Affirmed.*

Action commenced in justice's court on defendant's promissory note transferred to the plaintiff after its maturity, which at the time of its maturity was held and owned by the A. Kieckhefer Elevator Company.  The defendant filed written answer in justice's court admitting the making of the note, alleging the same to be paid by the transactions thereafter stated, and containing as a fifth allegation, " Further answering, the defendant alleges " that on the maturity of the note it was the property and in possession of the A. Kieckhefer Elevator Company; that there was then due thereon $100.50 principal and interest; that the defendant had a valid claim against that company for services rendered it amounting to $75.63, founded on contract for digging a well, and that on that day he tendered to the Kieckhefer Company, in payment of the promissory note sued on, a receipted bill for said claim and $25 in legal tender, which was refused, but which he had at all times been ready to pay to whoever was entitled to the same.  Defendant brought into court and tendered said $25, and deposited the same with the justice.  The facts alleged in this part of the answer were proved, the evidence being objected to.  No evidence was offered by the plaintiff bearing upon the existence of the indebtedness of $75.63 from the Kieckhefer Company to the defendant.

Judgment was rendered that the plaintiff recover nothing and the defendant recover his costs.  Plaintiff appealed to the superior court, without filing affidavit to entitle him to a trial *de novo,* and the case was heard on the record of

the justice.  At the hearing, upon defendant's motion, the court allowed the answer to be amended by inserting at the end of the phrase above quoted the words " by way of set-off," and thereupon entered judgment affirming the justice of the peace, from which judgment plaintiff appeals.

For the appellant the cause was submitted on the brief of *Joseph B. Doe.*

*William Kaumheimer*, for the respondent.

DODGE, J.  The questions principally argued are whether defendant should have been allowed to prove, by way of setoff, the indebtedness from the Kieckhefer Company to him, under the answer as it existed in justice's court, and whether the superior court erred in permitting the amendment of that answer.  Both of these questions depend upon the effect to be given the answer in justice's court.  If by that answer it cannot be said that any setoff was pleaded, it could not be proper to receive evidence in its support, and the plaintiff would have been entirely justified in foregoing any preparation to meet such an issue; and an amendment in the circuit court subjecting him to the consideration of defendant's evidence thereon, when he had not been heard in the court below and it was too late to be further heard, might well have been predjudicial.

The plaintiff invokes the rule of law established by this court independent of statute, and now confirmed by sec. 2656, Stats. 1898, that a counterclaim is not well pleaded unless it be " pleaded as such, and be so denominated."  *Resch v. Senn*, 31 Wis. 138; *Stowell v. Eldred*, 39 Wis. 614; *Rood v. Taft*, 94 Wis. 380; *Brauchle v. Nothhelfer*, 107 Wis. 457, 461.  This contention, however, overlooks the fact that the defense sought to be made by the defendant was not a counterclaim.  It was a setoff.  It could not support any affirmative judgment against the plaintiff.  The statute with reference to setoffs is sec. 4258, which provides that " a de-

mand by one party may be set off against and as a defense, in whole or in part, to demands by the other; " and in sec. 4264 it is provided that " in actions in courts of record a set-off claimed by the defendant shall be pleaded as a counter-claim and regulated by the rules of pleading and practice applicable to counterclaims." Under these statutes it was held that, even in absence of express statute authorizing counterclaims to be pleaded in justice's court, setoffs might be as a defense. *Hartel v. Kite*, 70 Wis. 396, where the court overlooked ch. 197, Laws of 1882, authorizing counterclaims in justice's court. See note, 70 Wis. 401. The statute regu-lating pleading by the defendant in justice's court is sec. 3626, subd. 4, Stats. 1898: " The answer may contain a de-nial of the complaint or of any part thereof and also notice, in a plain and direct manner, of any facts constituting a de-fense or counterclaim; " the words " or counterclaim " not being in that statute prior to 1882.

These statutes place the setoff in justice's court in a very different situation from the counterclaim. The very authority to interpose a counterclaim had been held by this court, before that authority was expressly conferred in jus-tice's court, to demand that the answer should so denominate it, and it may be that the rule and reasoning of *Resch v. Senn* and *Stowell v. Eldred, supra*, should there apply. The defense of setoff is subject to no such requirement, except as it results from the statute itself. While it may be that sec. 4264, by its reference to counterclaims, requires that in courts of record a setoff shall be so denominated, it is en-tirely silent with reference to justice's court; and there seems no good reason why subd. 4, sec. 3626, should not, with ref-erence to setoffs, be satisfied by a pleading which, according to its terms, constitutes " notice in a plain and direct manner of any facts constituting a defense," the setoff being ex-pressly designated as a defense in sec. 4258.

In this view of the statute we cannot doubt that the answer

quoted in the statement of facts did constitute such notice, and that thereby the plaintiff was informed that, as one of his defenses, the defendant would offer proof of the existence of a valid indebtedness from the former owner of the note, existing at the time of its transfer.   As a result, of course, the evidence in support of that setoff was properly admitted, and no prejudice or injury was done to plaintiff; indeed, no material change was made in the answer by the amendment permitting the insertion of the words "by way of setoff" in superior court.

Plaintiff makes some further complaint that, even if this setoff were allowed, he was entitled to judgment for the balance of his note, $25.   He, however, overlooks the fact disclosed by the record that at the time of filing the answer which set up the tender to the Kieckhefer Company the defendant, in perpetuation of that tender, deposited in justice's court the $25, which, of course, is at the plaintiff's command, and for which he needs no judgment.

*By the Court.*— Judgment affirmed.