## SUPREME COURT.

### DEWITT PARSHALL and PETER R. WESTFALL agt. HENRY TILLOU and WILLIAM H. TILLOU.

A *creditor's suit*, (or bill,) to reach equitable property, cannot be commenced until his remedy at law upon his judgment is exhausted—by the issuing of execution, and its return unsatisfied.

But he is entitled, without the issuing and return of an execution, to set aside any fraudulent conveyance or incumbrance of the debtor's property, which stands in the way of the collection of his judgment.

In such an action, *it seems*, that an *answer* containing a general denial of each and every allegation in the complaint, except certain portions therein *admitted*, is good. Although the *admissions* are not called for, still they serve to qualify the general denial, so as to authorize the verification of the answer with safety.

*Monroe Special Term, May*, 1856.

MOTION to make answer more definite.

The complaint contained the allegations generally in a creditor's bill, setting out the recovery of a judgment, and that defendant had fraudulently disposed of his real estate, and had equitable property, which he concealed, or had fraudulently disposed of. The answer denied generally each and every allegation of the complaint, except as therein admitted, and then proceeded to make certain admissions in regard to the transfer of the real estate and personal property. The complaint and answer were both verified.

O. H. PALMER, *for plaintiffs*.

J. W. STEBBINS, *for defendants*.

E. DARWIN SMITH, Justice. The plaintiffs having a judgment, but no execution thereon, returned unsatisfied, can only sustain this action as a bill to set aside the fraudulent conveyances of the real estate set out in the complaint.

Without issuing an execution, the judgment-creditor is en-

titled to set aside any fraudulent incumbrance upon the real estate of the judgment-debtor, which is in the way of the collection of his judgment. (*Clarkson* agt. *Depeyster*, 3 *Paige*, 320.) But a creditor's suit, to reach equitable property, cannot be commenced till the creditor has exhausted his remedy at law by the issuing of an execution to the proper county, and having the same duly returned unsatisfied. (*Child* agt. *Brace*, 4 *Paige*, 309; 4 *John. Ch. R.* 671.)

All that part of the complaint, therefore, which is only adapted to call for an answer, in respect to equitable property, is out of place, and might have been struck out as impertinent, upon motion. The plaintiffs are entitled, in this suit, to no decree or relief in respect to it, and cannot require the defendants to answer it. They cannot, therefore, require the defendants to make their answer more specific or definite in respect to this branch of the complaint; and as the notice of motion to make the answer more definite only applies to this part of the complaint, it must be denied. (6 *How. Pr. R.* 485; 2 *Code Rep.* 67.)

Whether the answer is sufficient in form, so far as it consists of a general denial of each and every allegation in the complaint, except certain parts therein admitted, is a question which does not arise on this motion. It is not a motion to strike out the answer as false or sham, or any part of it for impertinence. I can see no objection, however, to this mode of answering. It makes the answer more brief and simple. The admissions, it is true, are not called for, but they are nevertheless essential to qualify the general denial, so that the defendants can verify the answer with truth and safety.

Motion denied, with $7 costs.