## WILLIAM M. LEYDE,

*vs.*

## ALPHONSO MARTIN, et al.

An order in an action made in open court, referring a cause and appointing a referee, if entered upon the minutes of the court, need not be signed by the judge.

When the report of a referee is silent as to whether the referee was sworn or not, in the absence of evidence to the contrary, the presumption is that the referee was sworn.

Certain delay of a referee in filing his report, and his subsequent absence from the State, considered and held not to be sufficient ground for granting a new trial.

In an action upon an account, the amended complaint admitted a credit in favor of defendant, "by sundries on account and small sums of money, in all $300." The answer, after taking issue upon certain portions of the complaint, set up a counter claim, consisting of an account specifying the items, dates, values and prices, respectively, constituting the counter claim. The reply of the plaintiff denied "each and every statement, averment, matter and thing in said answer, and each and every part and portion thereof, whether as stated in said answer or otherwise, *save as hereinafter stated, admitted or qualified, and save as stated in his amended complaint;"* and proceeding, referred to specific items of the counter claim, admitting some of the items in part, and denying the remaining part of such items, denying other items entirely, and omitting entirely to refer to a third class of items in the counter claim. *Held,* that the items of the counter claim to which the reply omits entirely to refer, must be taken as admitted.

A judgment may be entered by the succesful party upon the report of a referee, without notice to the adverse party.

When the parties have reciprocal accounts, which do not constitute a mutual open account, carrying unlimited credit between them; in an action by one of them to recover his account, in which the other

Leyde v. Martin et al.

party sets up his account as a counter claim, and a balance is found for the plaintiff, interest may be allowed from the date of the last item of the plaintiff's account.

Until the actual entry of the amount of costs in a judgment, it is not affected by the taxation of the costs.

As between the parties to a judgment, the plaintiff being entitled to damages and costs, if the judgment is entered specifying the amount of damages, but leaving the amount of costs blank, the omission to tax the costs until after the entry of judgment does not affect the right of the clerk to tax the costs ; nor is the regularity of the judgment affected by the insertion therein by the clerk, after its entry and before docketing, of the amount of costs regularly taxed.

Appeal by the defendants from a judgment of the court of common pleas for the county of Ramsey, and from an order of the court affirming the clerk's taxation of the costs.

The issues made by the pleadings appear in the opinion.

The action was referred by order made in open court at a general term, upon consent of parties, and entered by the clerk in his minutes, but not signed by the judge. The action was tried before the referee and finally submitted April 20th, 1868. On the 19th November, 1869, the referee made and delivered his report to the attorneys of the plaintiff, and on the next day departed from the State and took up his residence in the city of Washington in the District of Columbia. The report was filed with the clerk of the court on the 31st January, 1870. On the 19th day of February following, the defendants moved to set aside the report and for a new trial. This motion was supported by an affidavit of the defendants' attorney, stating the foregoing facts, and that affiant was unaware of the referee's intention to depart from the State, or of the making of his report, until after his departure from Washington ; that, supposing the referee would soon return, affiant prepared and served upon the plaintiff's attorneys, a case upon which to move for

a new trial, to which case they proposed very many amendments; that, owing to the absence of the referee, the case could not be settled within the time allowed by law, and hence was abandoned; and that, owing to the absence of the referee and the consequent impossibility of having a case or bill of exceptions settled as required by law, the defendants were prevented from obtaining a review of the proceedings before the referee, and lost all benefit of the exceptions taken by them at the trial.

A counter affidavit of one of the plaintiff's attorneys, stated that the attorneys of both parties were well aware that the referee did not intend to return to the State, and had often discussed the fact, that, in the event of their failure to agree, the case and amendments would have to be forwarded by mail to the referee at Washington, for settlement; that all proceedings, except for the purpose of making a case, had been from time to time stayed by stipulation, from November 19, 1869 until February 17, 1870, solely to enable defendants' attorney to prepare his case and have the same settled, upon which to move for a new trial.

Other reasons for a new trial, grounded upon alleged errors of the referee, were urged in the court below and in this court, and are sufficiently stated in the opinion.

Ths motion for a new trial being denied, judgment was, on the 8th March, 1870, entered, without notice to the defendants. On the following day, plaintiff's attorneys served upon defendants' attorney notice that judgment had been entered and that the costs would be taxed by the clerk on the 11th March, and on this last named day the costs were accordingly taxed under objection of the defendants, and on appeal to the court the taxation was affirmed.

E. C. PALMER for Appellants

LAMPREYS for Respondent.

Leyde v. Martin et al.

*By the Court.*—McMILLAN, J.—It appears from the supplemental return in this case, that on the 18th of March, 1868, by consent of the parties in open court, the action was referred to R. F. Crowell, Esquire, who was appointed sole referee, to hear and determine all the issues therein; and an order to that effect was entered in the minutes of the court. The order was a sufficient reference, and the entry thereof in the minutes of the court, is sufficient evidence of the fact, at least in a proceeding in the same action. It was not necessary that the judge of the court should sign the order. The proceedings of the court in the action are shown by its records, of which the minutes of the court, kept by the clerk, are a part.

The second point made by the appellant is, that the referee was not sworn. The report of the referee does not state whether the referee was sworn or not; it is silent upon that point. It was agreed by the attorneys of the parties respectively, upon the argument here, that, on the hearing, the court below did not receive or consider any affidavit from either party upon the fact.

In the absence of evidence to the contrary, the presumption is that the referee was sworn. The objection is overruled.

The third point made by the appellant must be overruled.

The delay in filing the report upon the part of the referee, and his subsequent absence, under the circumstances appearing in the affidavits used upon the motion, are not sufficient grounds for a new trial.

The fourth point urged by the appellant is, that "the report of the referee shows that certain items of counter-claim, which were not denied by the reply, have been disallowed."

Attached to the complaint is a schedule containing a statement of the account, specifying dates, prices and values,

upon which the plaintiff's action is based, and which, by proper averments, is made part of the complaint. The complaint admits a credit upon the account, in favor of the defendants, amounting to $300, but contains no specification of the items of credit other than " by sundries, on account, and small sums of money, in all $300." The defendant, in his answer, after taking issue upon certain portions of the plaintiff's account, as set forth in the complaint, sets up a counter-claim, which is also contained in a schedule made part of the answer, specifying the items, dates, values and prices, respectively constituting such counter-claim.

The reply of the plaintiff states : " First, said plaintiff denies each and every statement, averment, matter and thing in said answer contained, and each and every part and portion thereof, whether as stated in said answer or otherwise, save as hereinafter stated, admitted or qualified, and save as stated in his amended complaint in this cause." The reply, proceeding, refers to specific items of the counter-claim, admitting some of the items in part, and denying the remaining portions of such items ; denying other items entirely, and omitting entirely to refer to a third class of items in the counter-claim.

It was held by this court, in *Kingsley vs. Gilman*, 12 *Minn.*, 515, that " a general denial, when it puts in issue the substance of the allegations to which it is addressed, is good ; and that any language in an answer which clearly indicates the allegations to which it is addressed, and denies with certainty the substance of such allegations, is sufficient to put the same in issue."

What would be the effect of the general denial in the reply, in the absence of any admission or qualification, we need not now consider ; assuming for our present purpose that, in such case, it would be a good general denial, yet,

Leyde v. Martin et al.

by the express terms of the reply, it is qualified by the admission in the complaint and the subsequent admissions in the reply.   It in no manner appears from the pleadings that the amount of $300, admitted in the complaint as a credit in favor of the defendants, embraces any portion of the amounts admitted specifically in the reply.   Under such circumstances we cannot, perhaps, infer that it does embrace the amounts so admitted in the reply, but, under the rules of pleading, we may be required to presume against the pleader that it does not, and that the admissions are as to separate amounts.   But, independent of the rule of pleading, a fair construction of the whole pleading would seem to lead to the same result.   The pleader, having before his mind the fact, that the general denial was qualified by the admission of the credit of $300, and by any admissions or qualifications he should afterwards make in the pleading, immediately proceeds to admit specific items and sums, and does not identify them in any way as being embraced in the former admission.   The only reasonable conclusion is, that they were intended as further admissions and qualifications of the general averment.   But if there was any doubt as to either, or both, of these positions, certainly the general denial, thus qualified, does not clearly indicate the allegations to which it is addressed, and is bad for uncertainty.   Therefore the items in the counter-claim of the plaintiff, to which the reply omits entirely to refer specifically, to wit: the first twelve items in the schedule, marked "Exhibit A," attached to the defendants' answer, amounting, in the aggregate, to $78.55, must be taken as admitted; and the referee, having disallowed these items and this amount of the counter-claim of defendants, erred to that extent, and for this reason a new trial will be granted, unless the plaintiff will remit the amount from the judgment.

Leyde v. Martin et al.

It has already been determined in this court that a judgment may be entered by the successful party upon the report of a referee, without notice to the adverse party. *Piper vs. Johnston*, 12 *Minn.*, 60. We see no reason why this rule should be changed.

Upon the question of interest, his honor, Judge Hall, in disposing of the motion for a new trial, correctly remarks: "There is nothing in the pleadings from which it appears that there was between the parties an open account, carrying an unlimited credit. They had reciprocal claims and demands, but not necessarily open accounts." As to the time for which interest was calculated by the referee, there is no reason to disturb the finding, which allows interest from the date of the last item in the plaintiff's account. But as interest should have been allowed upon $155 only, instead of $233.75, upon which the referee calculated and allowed interest to the plaintiff, the amount of interest thus erroneously allowed to the plaintiff must be deducted from the judgment.

The counsel of both parties seem to have fallen into an error in supposing that the costs taxed by the clerk have been inserted in the judgment. The record before us shows that no amount of costs have been inserted in the judgment entered, nor does it appear from the paper book that the judgment has ever been docketed. Until the actual entry of the amount of costs in the judgment, it is unaffected by the taxation of the costs.

And, as between the parties to the judgment, it seems to us that, the party being entitled to recover costs in the action, and the judgment being for a specified sum as damages and—costs, the omission to tax the costs until after the entry of the judgment, cannot affect the right of the clerk to tax the costs, nor would the regularity of the judgment be

affected by the insertion therein, after its entry, of the amount of costs regularly taxed. *See Stimson vs. Huggins*, 16 *Barb.*, 659 ; *Gilmartin vs. Smith*, 4 *Sandf.*, 634.

The order appealed from, sustaining the taxation of the costs, is affirmed, and if the plaintiff will remit from the judgment the amount of seventy-eight dollars and seventy-five cents, together with the amount of interest erroneously allowed by the referee, and embraced in the judgment as above stated, let the order denying a new trial be affirmed; otherwise let the order be reversed.