[Filed January 14, 1886.]

## MULTNOMAH STREET RAILWAY CO. *v.* ISAAC HARRIS.

EQUITY—CREDITOR'S SUIT—JUDGMENT.—A suit to reach equitable assets to satisfy a judgment at law usually will not be maintained until the ordinary means allowed by law to enforce collection of the debt have been exhausted.

SAME—FRAUDULENT CONVEYANCE.—But when the debtor has clouded the title to real property by an encumbrance or fraudulent transfer of it, the creditor may proceed at once to subject the property to payment of his debt.

MULTNOMAH COUNTY.    Defendant appeals.    Affirmed.

*F. V. Drake,* for Appellant.

*A. H. Tanner,* for Respondent.

THAYER, J.    This appeal was taken from a decree by which certain real property situated in the city of Portland, in the county of Multnomah, was subjected to the payment of a judgment at law, obtained by the respondent in said court against the defendant, M. M. Harris, and one L. H. Rothschild. Said judgment at law was recovered in an appeal case from the Justice's Court. The respondent, a private corporation under the laws of this state, commenced an action originally against the said

L. H. Rothschild and one James Poole in the Justice's Court, in which it obtained judgment against both defendants, and from which the said Rothschild appealed to said Circuit Court, and the said M. M. Harris became surety upon the undertaking given on the said appeal. The Justice's Court judgment was affirmed by said Circuit Court, and judgment rendered against the said M. M. Harris as such surety. When the appeal was taken from the judgment of the Justice's Court, and the said undertaking given, the said M. M. Harris was the owner of the said real property; but during the pendency of the appeal to the Circuit Court, he executed a deed to the appellant, Isaac Harris, which purported to convey it to the latter. The respondent, claiming that the said deed was executed with intent to defraud the creditors of the said M. M. Harris, after the issuance of an execution upon the said judgment of the Circuit Court, and the return thereof unsatisfied, commenced the suit in which the decree appealed from was rendered.

The judgment against the said Rothschild and M. M. Harris appears to have been regularly given, and I think is valid beyond question; and I am satisfied from the proofs that the said deed was executed without consideration, and with the intent to delay the respondent in the collection of its debt. The appellant's counsel, however, insists that the respondent should, before coming into equity, have exhausted its remedy at law completely; that no steps are shown to have been taken to collect the Justice's Court judgment off said James Poole; and that it should not have relief herein until that had been done. If the suit had been to reach equitable assets belonging to the judgment debtors, there would be much force in the counsel's position. In such a case, equity will not interfere until the ordinary means allowed by law to enforce a collection of the debt have been exhausted.

But that is not the rule where the debtor has interposed an inequitable obstacle to the collection of the debt. When the debtor has clouded the title to real property by an encumbrance or fraudulent transfer of it, the judgment creditor may proceed at once to have it removed. He obtains a lien upon the land when he recovers his judgment, and he has the right to stop there and proceed to have the title freed from its obscurity. The suit in that case is to aid his remedy at law, and he is not required even to issue an execution. (3 Pomeroy's Eq. Jur., sec. 1415, note 4; *Mohawk Bank* v. *Atwater*, 2 Paige, 54; *Parshall* v. *Tillou*, 13 How. Pr. 7.)

The defendant, M. M. Harris, by the pretended sale of the property, has so clouded the title that it will not be likely to sell upon execution sale for its value, and hence the respondent's right to invoke the remedy it has resorted to herein. The suit was in the nature of a creditor's bill, which was always maintainable under either condition of affairs referred to—in one character of cases to reach equitable assets after the remedy at law had failed; and in the other to aid the remedy at law by removing a fraudulent obstruction liable to interfere with or prevent its success.

Under the view herein expressed, the decree appealed from must be affirmed.