HARDY v. PURINGTON, Treasurer.

1. The final determination of the court in mandamus proceedings, by which a peremptory writ is adjudged and awarded upon the affidavit of plaintiff and the answer of the defendant, is a judgment.

2. In an appeal from a judgment so rendered, there having been no alternative writ the record in this court is the affidavit of plaintiff, the answer of defendant, and the judgment of the court certified, as required by section 5217, Comp. Laws, for the certification of a judgment roll.

3. An answer which denies "each and all the allegations in the affidavit contained, except such as are hereinafter admitted or qualified," though not a form of pleading to be encouraged, has grown into such frequent use that it would be unwise and unfair to litigants and attorneys for this court to hold, without premonition, that such an answer, unassailed by motion or otherwise, constitutes no denial.

4. If such an answer leave the plaintiff in doubt as to what allegations of his complaint are intended to be denied and what admitted, the answer is subject to a motion to make more definite and certain.

5. Section 5 of chapter 2 of an act to establish a uniform system of education, being chapter 56, laws 1891, forbids the employment of any teacher unless holding a lawful certificate, and makes an attempted contract therefor void.

6. In a proceeding for a peremptory mandamus to compel a school treasurer to pay an order for services as teacher, an answer of such treasurer, denying that such teacher held such certificate when the alleged contract was made, or when the services were claimed to have been rendered, presents an issue upon a material fact.

7. With the pleadings so presenting this issue, it is error in the trial court to enter judgment upon the pleadings alone, awarding a peremptory mandamus requiring the treasurer to pay such order.

(Syllabus by the Court.   Opinion filed Dec. 15, 1894.)

Appeal from circuit court, Hughes county.   Hon. H. G. FULLER, Judge.

Mandamus by Jessie Hardy to compel R. E. Purington, as treasurer of Rousseau school district, to pay warrants issued by the school board.   The writ was granted, and defendant appeals.   Reversed.

The facts are stated in the opinion.

*Horner & Stewart,* for appellant.

A treasurer has the right to refuse to pay warrants known by him to be void, or of which there is a question of their legality. Evans v. Bradlev, 55 N. W. 721;  Bailey v. Lawrence, 51 N. W. 331;  Keller v. Hydie, 20 Cal. 593.   A writ of mandamus to compel the payment of warrants should be refused when the question of their validity is raised by answer.   People v. Wendall, 71 N. Y. 171;  High Ex. Leg. Rem. 3580.   The writ of mandamus should be denied when the relator has a plain, speedy and adequate remedy at law.   State v. McCrillis, 4 Kan. 214;  State v. Bugman, 8 Kan. 459;  Bressler v. Tress, 26 N. W. 825;  Hobershaw v. Sears, 19 N. W. 825;  Steat v. Manitome, 9 N. W. 607.

*Dillon & Holmes,* for respondent.

Under our statute a conjunctive denial is bad and admits the allegations of the complaint. Livingstone v. Schmartz, 22 Cal. 231; Blankman v. Vallezo, 15 Cal. 638; Doll v. Good, 38 Cal. 282; Fish v. Bedington, 31 Cal. 186; Hensley v. Tarter, 14 Cal. 508; Huhland v. Sedwick, 17 Cal. 123; Reed v. Calderwood, 32 Cal. 109; Leonx v. Burdock, 51 Cal. 541; Fremond v. Slals, 18 Cal. 433; Livingstone v. Harris, 2 E. D. Smith 197; Morrill y. Morrill, 26 Cal. 292; Woodworth v. Knowlton, 22 Cal. 165. A mere ministerial officer has no right to decide on the title to an office of an officer defacto or adjudge his official acts to be null. People v. Collins, 7 Johns 549; State v. Rechter, 37 Wis. 275. If a party is in office his authority for performing duties of same cannot be questioned in mandamus. Turner v. Melony, 13 Cal. 621; Meredith v. Board, 50 Cal. 433; High Ex. Leg. Rem. sec. 81.

KELLAM, J. This is an appeal from a judgment of the circuit court of Hughes county awarding a peremptory writ of mandamus. In her affidavit, respondent alleges the legal existence of the Rousseau school district; that Rousseau, Doyle, and Purington were the duly elected or appointed, qualified, and acting members of the school board of said district, and constituted such board, and that no other person acted or pretended to act thereon, or claimed a right to do so; that said board, by written contract, signed by said board and respondent employed respondent, who was then and there a legally qualified and licensed teacher, to teach the school of said district for two months, at $32.50 per month; that she taught said school in pursuance of said contract, and received therefor from said board two certain school orders, in the usual form, for $32.50 each, issued by said board signed by Rousseau as, and who was, chairman, and Doyle as, and who was, clerk, and directed to appellant, Purrington, as, and who was, treasurer, of said school district; that said warrants were severally presented for payment to said Purrington as treasurer, who re-

fused to pay the same, although he then had as such treasurer
unappropriated school moneys in his hands, from which said
orders should have been paid, and that he also refused to in-
dorse said warrants "Not paid for want of funds." To this pe-
tition the defendant, Purington, answered, omitting an unim-
portant statement as to what was paid by him when the orders
were presented, as follows: "I, the said R. E. Purington, treas-
urer of Rousseau school district, do answer and return to the
above named circuit court that I deny each and all the allega-
tions in the affidavit of the plaintiff, Jessie Hardy, upon which
the application for a peremptory writ of mandamus in this case
is based, contained, except such as hereinafter admitted or
qualified. I admit that during all the time mentioned in said
affidavit, that Rousseau school district No. 14, of Hughes
county, South Dakota, was, and is now, a school district exist-
ing under the laws of the state of South Dakota. I admit that
on the 29th day of April, 1892, M. C. Rousseau and R. E. Pur-
ington were duly elected and qualified members of the school
board of Rousseau school district No. 14, and were such mem-
bers of said school board until the last day of July, 1892. I ad-
mit that I am now, and was during all the times mentioned in
said affidavit, the duly elected, qualified, and acting treasurer of
said Rousseau school district. I deny that on the 29th day of
April, 1892, or at any time, that John Doyle was a duly elected
or appointed and qualified member of said school board of said
school district; and further deny that he was during the times
mentioned in the affidavit the duly elected or appointed and qual-
ified clerk of said school board, or of said school district.    *    *
*  I deny that I have sufficient money in my hands at this time,
or that I had sufficient at the time this action was commenced,
as treasurer of said district, to pay the warrants mentioned in
the complaint, and return to this court as one defense to the is-
suance of a peremptory writ of mandamus, as prayed for by the
plaintiff herein, that I have not sufficient funds in my hands as

treasurer of said school district to pay said warrants, and further return that I have on hand and in my possession, as treasurer of said school district, the sum of but two and 89-100 dollars ($2.89.)'' For a further return and answer, the said defendant alleges: ''(1) That on the 19th day of March, 1892, pursuant to a call regularly and duly made, a special meeting of the qualified electors of said Rousseau school district No. 14 was regularly and legally held at the school house in said district; that said qualified electors of said district, by resolution, regularly and legally passed, instructed the district school board of said district not to hire a teacher or move the school house, establish or sign any contract for the teaching of a school, until the next regular meeting of said board; that there was during all the times mentioned in relator's affidavit but one school in Rousseau school district; and that the said Rousseau district school board had but one school under its control. (2) That the said school board had actual notice of the action of the qualified electors of said school district and of said resolution. (3) That in defiance of the aforesaid action of the qualified electors of said district, and of said resolution passed as aforesaid, M. C. Rousseau, the then chairman of the district school board of said school district, and one John Doyle, pretending to act as clerk of said school board of said school district, on or about the 4th day of May, 1892, and before the next regular meeting of the school board of said district, after the said meeting of the qualified electors of said district, had, as aforesaid, on the 19th day of March, 1892, made a pretended contract with the plaintiff in this case to teach a term of school in said Rousseau township, at Rousseau school house, for a term of two months; that the two warrants mentioned in the affidavit of plaintiff, are warrants which were issued to the said Jessie Hardy, the plaintiff, under the said pretended contract entered into on or about the 4th day of May, as aforesaid.'' Upon the pleadings the court gave judgment for respondent awarding a peremptory mandamus, and from such judgment this appeal is taken.

Respondent moves to set aside the record transmitted to this court, for the reason that the record is not what is authorized by law to be sent up, and for the further reason that what is sent up is not authenticated as required by statute; the precise point of the first ground being, as we understand, that the clerk does not certify, as required by section 5217, Comp. Laws, that the papers transmitted were the papers used upon the hearing before the trial court; but this is not neccessary when the appeal is from a judgment, and the judgment roll only is transmitted. See first paragraph of said section 5217. We think the decision of the court in this case was a judgment. The several sections of the statute regulating mandamus proceedings before a court contemplate a trial by the court either with or without a jury, and the decision of the court is a judgment. Comp. Laws, Sec. 5527. A judgment in a special proceeding is the final determination of the rights of the parties therein. Id. Sec. 5506. In this case we notice incidentally, as shown by the abstract, respondent "moved the court for judgment," and the court sustained the motion, and from this "final determination" this appeal is taken. The provisions of the Code in respect both to pleadings and the record on appeal, so far as they are consistent with this proceeding, are applicable thereto. Comp. Laws, sections 5535, 5536. It seems therefore a reasonable, if not a necessary, conclusion that the record upon which this appeal is to be heard is the affidavit or petition of the plaintiff (there having been no alternative writ), the answer of the defendant, and the judgment rendered by the court; in other words, the judgment roll proper. In such case no authentication is required but the certificate of the clerk that the papers so transmitted are the originals or copies, if copies are by the trial court directed to be sent in lieu of the originals and that the same are transmitted pursuant to the appeal. Section 5535. The papers in this case are so certified, and a certified copy of the order of the trial court directing copies, instead of the originals, to be transmitted, is attached. This

seems to make a good record, as required by the statute, and the motion must be denied. This brings us to the merits.

Section 5521, Comp. Laws, provides that in a case like this the party against whom the writ is asked "may show cause by answer under oath, made in the same manner as an answer to a complaint in a civil action." It would appear, then, that whether or not this judgment can stand must depend upon whether or not the affidavit contains sufficient allegations of facts undenied by the answer, and so admitted by force of the statute, to entitle the respondent to judgment. The answer so far as it attempts a general denial is: "I deny each and all the allegations in the affidavit of the plaintiff * * * contained, except such as are hereinafter admitted or qualfied." The respondent contends that this form of denial is not authorized or recognized by our statute, and is no denial at all, but is in legal effect an admission of the allegations of the affidavit. To support this contention, a number of California cases are cited. These cases generally condemn what they style "conjunctive denials." The meaning of this term when so used, seems to be made plain by such cases as Doll v. Good, 38 Cal. 287, where the headnote says: "If several material facts are stated conjunctively in a verified complaint, an answer which undertakes to deny their averments as a whole, conjunctively stated, is evasive, and an admission of the allegations thus attempted to be denied." There are other cases, like Hensley v. Tarter, 14 Cal. 508, which go further, and hold, as stated in the headnote to that case: "Where a complaint is verified, an answer denying generally and specifically each and every material allegation in the complaint, the same as if such allegation were herein recapitulated, and also denying each allegation in the same form, with certain qualifications and exceptions, does not raise an issue upon any fact stated in the complaint." Such rulings seem to have been made in view of a provision of their practice act, which is essentially different from anything in our Code. Their section 437, Code Civ. Proc., after providing, like ours,

that the answer may contain a general or specific denial, further says that, "if the complaint be verified, the denial of each allegation controverted must be specific and be made positively, or according to the information and belief of the defendant. * * * If the complaint be not verified, a general denial is sufficient, but only puts in issue the material allegations of the complaint." It further appears that the case last cited and others like it were controlled by their then section 65 of the practice act, which provided that "every material allegation of the complaint when it is verified, not specifically controverted by the answer, shall, for the purposes of the action be taken as true." It is plain, therefore, that we cannot safely follow the California decisions in determining what form of answer is sufficient to put in issue the allegations of the complaint; for their law, unlike ours, requires a specific, as distinguished from a general, denial to a verified complaint. Our section 4923, Comp. Law, corresponding to the California provision last quoted, is that "every material allegation of the complaint not controverted by the answer, as prescribed by section 4914," shall be taken as true. To determine what sort of an answer does controvert any allegation of the complaint, reference must be had to said section 4914. So far as here involved it is as follows: "The answer of the defendant must contain (1) a general or specific denial of each material allegation of the complaint controverted by the defendant." Authorities from states having the same provisions as ours, in respect to the form of the answer, leave no doubt of the sufficiency of the answer to put in issue the allegations of the plaintiff's affidavit, unless its effect is destroyed by the words "except such as are hereinafter admitted or qualified."

This question has been the subject of much discussion, and has apparently given the courts considerable trouble. We think the general view has been that while such pleading ought not to be encouraged, and will often subject the pleader to a motion to make more definite and certain, still, where it is

reasonably plain what allegations are intended to be contro-
verted and what admitted, no objection to such answer being
made by motion or otherwise, the form of the answer, though
not specifically recognized by the Code, will be tolerated, and
held to raise an issue on such allegations as can fairly be in-
cluded as objects of the general denial. See Parshall v. Tillou,
13 How. Pr. 7; Smith v. Wells, 20 How. Pr. 158; Greenfield v.
Insurance Co., 47 N. Y. 430; Kingsley v. Gilman, 12 Minn. 515
(Gil. 425); Leyde v. Martin, 16 Minn. 38 (Gil. 24); Matteson v.
Ellsworth, 28 Wis. 254. Such form of denial is frequently used
in this state by lawyers recognized as good practitioners, and
a decision of this court, without premonition to the bar, that
such an answer is in legal effect an admission of the allegations
of the complaint, even if it should finally and properly be so
held,—as to which we express no opinion,—would be unjust
and wrong to litigants whose attorneys, under the sanction of
a common practice, have so pleaded. The purpose of the an-
swer is to inform the plaintiff of what allegations in his com-
plaint are denied, so that he may know what he must be pre-
pared, on the trial to prove. If the answer leave him in doubt,
he may move to have it made more definite and certain, or pos-
sibly it may be assailed by demurrer; but, if unobjected to in
any manner, we think it would be going too far at this time to
abruptly hold that such an answer is an admission, instead of a
denial, as was evidently intended. There is no doubt that
such form of answer is too often used. The cases in which it
is justifiable, if there are such, are exceptional and infrequent,
and the better and safer practice is to adhere closely to the pre-
cept of the Code.

We think in this case the answer must be treated as deny-
ing all the allegations of the complaint not thereinafter "ad-
mitted or qualified." So treating the answer, it follows that
the allegation of the affidavit that plaintiff was a licensed and
qualified teacher at the time of making the alleged contract
stands denied by defendant's answer, for such allegation is no-

where in the answer referred to or excepted from the scope of
the general denial.    The answer denies "each and all the alle-
gations" not thereinafter "admitted or qualified."    There is
neither an admission of this allegation nor any attempt to qual-
ify it.    It therefore remains denied.    Matteson v. Ellsworth,·
*supra*.    Appellant claims the same is true of other material al-
legations, but as to those named by him, except this one, we
should have considerable doubt.    Section 5 of chapter 2 of an
act to establish a uniform system of education, being chapter
56 of the laws of 1891, and in force when this contract is alleged·
to have been made, forbids the employment of any teacher not
the holder of a lawful certificate, and makes any attempted
contract with such unqualified teacher void.    Upon the plead-
ings, as we interpret them, it is denied that plaintiff held such
a certificate.    The possession of such a certificate was a *sine
qua non* to plaintiff's capacity to make the contract.    Without
such qualification, the contract itself was void, and could not
justify, nor be the basis of, issuing a warrant by the board.    If
the contract was void, it imposed no liability upon the school
district, and a warrant assuming to represent a liability which
did not exist would be illegal.    Such a warrant the treasurer
was under no obligations to pay, although appearing upon its
face to be regularly drawn.    Respondent's contention that the
functions of the treasurer were simply ministerial, and that it
was his legal duty to pay or accept all warrants or orders ap-
pearing to be regularly drawn, is not tenable.    He was not
obliged to accept orders illegally drawn, and the courts will·
not by mandamus compel him to do so.    Evans v. Bradley (S.
D.) 55 N. W. 721; Keller v. Hyde, 20 Cal. 593; High, Extr.
Rem. 285.    We are sorry to be obliged to reverse this case
upon this point, for we suspect that the real ground upon
which the defendant treasurer refused to pay these orders was·
the claim that Doyle, the clerk who drew the orders, was not
the legal clerk of the district.    While we do not decide that the
affidavit and answer leave it admitted 'that he was the acting and

recognized clerk, we are of the opinion that, the fact he was the clerk *de facto* being established, either by the pleadings or by proof, the orders would be valid, although he might not be the *de jure* clerk. Of course, it must appear, either by admission or by proof, not only that he signed these particular orders as clerk, but that he was acting as the clerk of the district, and that his acts as such were acquiesced in and recognized by the people generally as official. Under such conditions, it would not affect his official acts, when only collaterally involved, that he was not legally elected or appointed. The view we take of the effect of the pleadings necessitates a reversal. The judgment is reversed, and the case remanded for further proceedings according to law.

FULLER, J., took no part in the decision of this case.