STATE *ex rel.* BROWN, V. CITY OF PIERRE.

1. Under Code, § 4914, requiring an answer to contain a general or specific denial of each controverted material allegation of the complaint, and a statement of any new matter of defense or counterclaim, an answer denying every allegation of the complaint not specifically denied, admitted, or explained, and then specifically denying, admitting, or explaining certain allegations, was sufficient to generally deny all allegations not mentioned or referred to.

2. Where it had been shown that a petition of property owners for an extension of the city limits had been filed with the city clerk and ordered published, a printed copy thereof, identified by the one who prepared the original, was admissible to prove the contents of the original, which had been lost.

3. Entries upon the records of the city clerk to the effect that a petition of property owners had been considered, and that the extension asked for had been granted, were sufficient to show that such a petition had once existed.

4. Where a property owner had signed a petition for an extension of the city limits so as to include her property, and had paid taxes to the city on such property for three years, she was estopped from bringing an action to vacate the proceeding taken by the city council eight years before, making such extension, which, if successful, would result in great injustice to other property owners; she having been guilty of laches in asserting her rights.

5. The question as to the sufficiency of the evidence to support findings cannot be considered on appeal. where neither the record nor assignment of errors specified particular objections.

6.  Where the notice of appeal in the abstract does not show that the appeal was taken from the order denying a new trial, the evidence cannot be reviewed.

(Opinion filed May 14, 1902.)

Appeal from circuit court, Hughes county. HON. LORING E. GAFFY, Judge.

Injunction by the state, on the relation of Hattie B. L. Brown, and by her individually, against the city of Pierre. From a judgment for defendant plaintiff appeals. Affirmed.

*John Sutherland,* for appellants.

An answer denying each and every allegation of the complaint not thereinafter specifically denied, admitted or explained is insufficient as a pleading. § 4914 Comp. Laws; People v. Railroad, 53 Bart. 98; McEmeror v. Decker, 58 How. Pr. 250; Clark v. Dillon, 97 N. Y. 370; Livingston v. Harrison, 2 E. D. Smith, 197; Potter v. Smith, 70 N. Y. 300.

Parol evidence is inadmissible for the purpose of supplying defects in a public record or to aid the same by explanation; 2 Blackwell Tax Titles, § 1102; People v. San Francisco, 31 Cal. 132.

Where law requires record, oral evidence is inadmissible to explain it: Kellog v. McLaughlin, 8 Ohio 114; Lathrop v. C. I. Ry. Co., 28 N. W. 465; Holmes vs. Cole, 54 N. W. 761; Mudge v. Yaples, 25 N. W. 297; Weaver v. Lammon, 28 N. W. 905.

The petition for extension of the city limits is a jurisdictional fact that may not be presumed or inferred, upon which rested all the subsequent proceedings authorized by the statute. Mulligan v. Smith, 59 Cal. 206, at 229; Zeigler v. Hopkins; 117 U. S. R. 683; Dampe v. Towne of Dane, 29 Wis. 419; Litchfield v. Mount Vernon, 41 N. Y. 123; People v. Lawrence, 41 N. Y. 143; Sharp v. Spier, 4 Hill 87.

The city council had jurisdiction to act and bind the city by what they did while acting within the provisions of the law authorizing them to act at all. The council having failed to comply with the charter by acting without a proper petition, its proceedings were void. McLaurin v. City of Grand Forks, 6 Dak. 397; Zeigler v. Hopkins, 117 U. S. 683; Daughty vs. Hope, 3 Denio 249; Hopkins vs. Mason City, 42 How. Prac. 115; Merritt vs. Village, 71 N. Y. 309; White vs. Stevens, 34 N. W. 255; Hewes vs. Reis, 40 Cal. 255; Pound vs. Chippewa, 43 Wis. 63; Massing vs. Ames, 37 Wis. 645.

The appellant is not estopped. Not an element of an estoppel was pleaded or proved. Warder v. Baldwin, 51 Wis. 450; Folsom v. Star Line, 6 N. W. 702; Davis v. Davis, 26 Cal. 23; Clark v. Hooker, 25 Col. 594.

*Ivan W. Goodner,* for respondent.

The validity of annexation preceedings cannot be inquired into collaterally, by injunction to restrain the collection of a tax, but only in a direct proceeding by *quo warranto,* or proceedings in the nature of *quo warranto.* Kuhn v. City, 29 L. R. A. 445; Voss v. School Dist., 18 Kas. 467.

No appeal was taken from the order overruling the motion for a new trial. No specification of particulars in which the evidence was insufficient to justify the findings was made in the case. There can therefore be no review by this court of the question of the sufficiency of the evidence to justify the findings. Chandler v. Kennedy, 8 S. D. 56; Johnson Land Mortgage Co. v. Case, 82 N. W. 90.

Appellants contend that the petition is jurisdictional. Respondent admits this proposition, but there is no dispute here that there was a petition before the city council, and we say that all questions of its sufficiency rests exclusively with the city council.

State *ex rel.* v. Common Council, 80 N. W. 942; Milliken v. City, 72 Ind. 166; City of Terre Haute v. Beach, 96 Id. 143, 146; Town of Cicero v. Williams, 91 Id. 541; Porter v. Stout, 73 Id. 3; Baker v. Board, 40 Iowa, 229; Bennett v. Hetherington, 41 Id. 150; Ellis v. Karl, 7 Neb. 381; State v. Goowin, 69 Tex. 57; Shank v. Ravenswood, 43 W. Va. 245; State v. Langlie, (N. D.) 67 N. W. 960; Van Fleet Coll. Att., § 800.

The participation of appellant's grantors in the annexation proceedings has recognition of the jurisdiction of the city authorities after she had both constructive and actual knowledge of the extension of the corporate limits and her long acquiescence and gross laches in the assertion of her claimed rights constitute an equitable bar to her cause of action. Kuhn v. City of Port Townsend, 29 L. R. A. 445; State v. Des Moines, 31 L. R. A. 188; City of Logansport v. La Rose, 99 Ind. 119, 132; 1 High on Inj. (3d Ed.) 547; Cooley Const. Lim., 311; Black v. Brinkley, 54 Ark. 372; Graham v. Greenville, 67 Tex. 62; Hayward v. Elliott Nat. Bank, 96 U. S. 611; Strosser v. Fort Wayne, 100 Ind. 443; 1 Beach Pub. Corp., § 423; 1 Spell. *ex rel.* § 656.

CORSON, J. This action was instituted by the plaintiff, Hattie B. L. Brown, individually and as relator, claiming to be the owner of a tract of land in Hughes county, to restrain the City of Pierre from assessing the property of the said plaintiff, and to cancel all taxes previously levied by said city upon said property. Findings and judgment were in favor of the defendant, and the plaintiff appeals. The defendant in its answer sets up certain proceedings of the City of Pierre, through its city council, in the spring of 1890, under and by virtue of which it claims the city limits of said city were so enlarged as to include plaintiff's property, and that the same

has since been a part of the said City of Pierre. The defendant also set up certain facts which it claimed constituted an estoppel on the part of the said plaintiff from now questioning the validity of the proceedings of the common council of the said city in including the premises of the said plaintiff within said city limits. The case was tried to the court without a jury, and the court finds very fully the proceedings taken by the city council in annexing certain tracts of land to said city, including the premises of the plaintiff. It further finds that the taxes on said lands of the plaintiff, Brown, for the years 1890, 1891 and 1892, including the taxes of the State of South Dakota, County of Hughes, City of Pierre, and the board of education of the City of Pierre, were paid to the treasurer of said Hughes county by the plaintiff, Brown, through her authorized agent, as said taxes became due, and that said county treasurer issued to her, through her agent, receipts for said taxes, upon each of which receipt appeared in plain print the statement that a certain portion of said taxes was for Pierre city purposes, and another portion of said taxes was for Pierre city school taxes; that the petition for extending the boundaries of the said city of Pierre, including therein the premises of the plaintiff, Brown, was signed by the grantors of the plaintiff, Brown, and also by the said plaintiff by the name of Hattie B. Lee, which was her then name. And the court concludes, as a matter of law, "that the acts of the defendant, City of Pierre, and its officers and agents, in assessing and levying taxes for city purposes upon the lands of the plaintiff, Hattie B. L. Brown,   *   *   * for and during the years 1890, to 1898, both inclusive, were and are in all respects legal and valid, and that said city has full right and power to levy and collect such city and other taxes, and to make them a lien upon said premises, and to extend its control, for all municipal purposes over said premises.   (2) That the plaintiff, Hattie

B. L. Brown, by reason of the acts of her grantors in signing said petition, and by reason of her own knowledge, acquiescence, and conduct in the premises, and her great and inexcusable laches and delay, is estopped to maintain this action."

It is contended on the part of the appellant, in substance: (1) That the allegations of the complaint are not denied by the answer, and hence that the defendant was not entitled to introduce any evidence under the pleadings; (2) that the court erred in admitting evidence tending to prove the existence, loss, and contents of the original petition filed in praying for an extension of the city limits of Pierre; (3) that the court erred in overruling appellant's offer to prove that a majority of the property owners adjacent to the corporate limits of the said City of Pierre, so included by said city, did not sign the petition upon which the city council acted; (4) that the findings of the court are not supported by the evidence; (5) that the defendant has not pleaded any estoppel.

1. The answer in this case commences as follows: "The defendant, answering the complaint of the plaintiff in this action, denies each and every allegation therein contained, and not hereinafter specifically denied, admitted, or explained." The answer then proceeds to specifically deny, admit, or explain certain allegations contained in the complaint; but the more material allegations of the same are neither specifically denied, admitted, or explained. Hence these allegations are denied by the general denial. It is insisted on the part of the appellant that under the provisions of Code, § 4914, which provides that: "The answer of the defendant must contain: (1) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. (2) A statement of any new matter, constituting a defense or counter-

claim, in ordinary and concise language without repe-
tition,"—the form of the denial used by the defendant is insufficient,
and is not authorized by the statute above quoted.   It is true that the
section provides for a general or specific denial of each material
allegation of the complaint controverted, or of any knowledge or
information thereof sufficient to form a belief, but the form of the
denial in this case seems to be a substantial compliance with the stat-
ute.   It is quite a common practice for the pleader to admit certain
allegations of the complaint or counterclaim in terms, and then deny
each and every other allegation in the complaint or counterclaim
not specifically admitted.   This method of answering, while not in
strict conformity with the statute, is, in our opinion, a substantial
compliance therewith, and is a matter of convenience.   In Hardy
v. Purington, 6 S. D. 382, 61 N. W. 158, this court uses the follow-
ing language:  "We think in this case the answer must be treated
as denying all the allegations of the complaint not thereinafter 'ad-
mitted or qualified.'  So treating the answer, it follows that the alle-
gation of the affidavit that plaintiff was a licensed and qualified
teacher at the time of making the alleged contract stands denied by
defendant's answer, for such allegation is nowhere in the answer
referred to, or excepted from the scope of the general denial.   The
answer denies 'each and all the allegations' not thereinafter 'admit-
ted or qualified.'   There is neither an admission of this allegation,
nor any attempt to qualify it.   It therefore remains denied."   The
same rule should be applied in this case.   An analysis of the answer
shows, as before stated, that some of the allegations of the complaint
are specifically denied, others explained or admitted, and a number
of the material allegations of the complaint are neither mentioned nor
referred to in any manner, and hence are denied by the general
denial.   We think that the general or specific denials in the answer

in this case are sufficient. If the appellant required more specific denials, she should have moved the court to have the answer made more definite and certain. Hardy v. Purington, *supra;* Greenfield v. Insurance Co., 47 N. Y. 430. No such motion was made in this case, the objection being taken to the admission of evidence on the ground that the allegations in the complaint were not denied, and a motion made at the close of the trial to strike out all the evidence of the defendant on the same ground. We are of the opinion that the court ruled correctly in denying these motions.

2. On the trial the defendant introduced evidence tending to prove that there was an original petition presented to the city council of the city of Pierre for the extension of the city limits of the said city on or about February 2, 1890, and that the original petition was lost. It then called witness Horner to prove that the copy of the petition published by the order of the city council as required by the law then in force was a true copy of the petition so presented to the city council and lost. He was asked the following question: "I now hand you an affidavit of one H. P. Robie, which was produced by the witness John H. McCord (city auditor), which has attached to it the purported petition or copy of the petition; and I will ask you to state whether or not that is a copy of the petition that was referred to you on February 3, 1900, by the city council of the City of Pierre." To which the appellant made the following objection: The appellant objected to this testimony on the ground that the same was incompetent, irrelevant, and immaterial, and no foundation laid; no petition having been shown. The answer was: "It is a printed copy of the petition." The witness was further asked to state whether or not, from his recollection, the original petition that was presented to the city council, and referred to him for examination, contained a description of section 27, township 111, range 79,

in Hughes county, as a part of the territory sought by that petition
to be annexed to the city of Pierre. To this the appellant interposed
the same objection, which was overruled, and the witness answered:
"It did. It contained all of section 27, township 111, range 79."
These objections were overruled, and we think properly, as it had
been shown by the witness that he prepared the original petition,
and that the same, after being presented to the city council, was re-
ferred to him. We are of the opinion that the court committed no
error in admitting this evidence. The original having been shown
to be lost, it was perfectly competent to prove the contents of the
petition by secondary evidence; and the secondary evidence in this
case, being the printed copy of the original petition, testified to by the
witness to be a true copy of the original, was certainly the very best
evidence that could have been produced of the contents of the orig-
inal petition. That there was such an original petition, is
clearly shown, not only by the evidence of Mr. Hor-
ner, but by the city records introduced in evidence. One of the re-
ports on file in the office of the city clerk reads as follows: "To
the Mayor and City Council: Your special committee appointed to
consider the petition of adjacent property owners for the extension
of the city limits of the City of Pierre respectfully report that we
have examined the petition, and find that the same is signed by
more than a majority of the property owners of the property men-
tioned in said petition, and we recommend that the petition be pub-
lished as required by law." On March 25, 1890, is the following en-
try in the council journal: "Moved by Alderman Hilger that the
property named in the petition for the extension of the city limits
be included within the city limits, and that a plat of the same, show-
ing the extension of the city limits, be filed with the register of deeds.
Roll call: Aye—Aldermen Coy, Christenger, Kliner, Hilger and

Laird. Not voting—Alderman Robinson." The contention of the appellant that it is the duty of the city auditor to keep a record of the proceedings of the city council, and that oral evidence is inadmissible to explain it, has no application to this case. No law has been pointed out to us requiring the petition in such proceedings to be spread in full upon the record, and it is not essential, therefore, that the record should contain a copy of the petition. While it is true that parol evidence is inadmissible to contradict a public record, it may be admitted for the purpose of supplying evidence of records lost or destroyed. Judge DILLON, in his work on corporations, says: "Parol evidence of the latter kind is receivable unless the law expressly and imperatively requires all matters to appear of record, and makes the record the only evidence." 1 Dill, Mun. Corp. § 300.

The appellant made the following offer: "Counsel for plaintiff, Hattie B. L. Brown, now offers to show that the persons, corporations, and institutions mentioned and described in exhibit 5 were not a majority of the property owners adjacent to the corporate limits of the City of Pierre and county of Hughes, of the property purported to have been taken in within the corporate limits." The offer was objected to on the ground that the testimony offered was incompetent, irrelevant, and immaterial; that the plaintiff is estopped by lapse of time and her own gross laches, and actual participation in the annexation proceedings, to question the validity of the same; and upon the further ground that all questions as to the sufficiency of the petition at this time are out of this case, for the reason that they were by law referred to the sole and exclusive determination of the city council. The objection was sustained, and the appellant excepted. The appellant contends that the presentation of a petition signed by the required number of property owners is jurisdictional, and unless the petition did contain, as a matter

·of fact, the signatures of a majority of the property owners adjacent to the City of Pierre, the proceedings of the council were null and void, and that the appellant had a right to show that the same did not contain the names of a majority of the property owners, as required by the statute. In the view we take of the case, it will not be necessary to consider the question of the right of the appellant to prove that the petition did not contain the required number of signatures, as a general proposition, as we are of the opinion that the objection that the appellant was estopped by lapse of time, and the participation of herself and grantors in the proceedings, to question the validity of the same, constitutes a valid objection to the introduction of the evidence proposed. As we have seen, it was found by the court that not only the appellant's grantors, but she herself, signed the petition asking for an extension of the city limits, and that she, through her agent, paid taxes to the city for a period of three years, and has for a period of seven or eight years neglected to institute any action to vacate or set aside the proceedings taken by the city council; and the court finds that she has been guilty of gross and inexcusable laches. Assuming, therefore, for the purpose of this decision, without deciding, that, had the action been commenced within a reasonable time after the order was made by the city council including her property within the city limits, she could have shown that the original petition did not contain the required number of signatures, still, after a lapse of more than eight years, she cannot now be permitted to question them. The general rule is thus stated by Mr. Spelling in his work of Extraordinary Relief (section 656) : "Long acquiescence in the validity of annexation proceedings constitute a bar to a suit to enjoin the collection of taxes on the ground of the invalidity of the proceedings." In Kuhn v. City of Port Townsend, 12 Wash. 605, 41 Pac. 923, 29 L. R. A. 445, 50

Am. St. Rep. 911, the supreme court of the state of Washington held that a delay of three years constituted an estoppel, using the following language: "The appellant's participation in the annexation proceedings, his subsequent recognition of the jurisdiction of the city authorities, his acquiescence in the result reached and declared by them, and his gross laches in the assertion of his rights, constitute an equitable bar to the cause of action which he, after the lapse of nearly three years, first attempted to assert; and it would be immaterial to the result were we to determine that his conduct amounted to a ratification or an election, or requires the application of the doctrine of estoppel. Strosser v. City of Ft. Wayne, 100 Ind. 443; Hayward v. Bank, 96 U. S. 611, 24 L. Ed. 855; Graham v. City of Greenville, 67 Tex. 62, 2 S. W. 742. In Strosser v. City of Ft. Wayne, *supra;* it is said: "If a taxpayer were permitted to long acquiesce in the order of annexation, and then secure its overthrow, great confusion would · ensue, and much injustice be often done. High considerations of public policy and of justice require that a taxpayer who is notified that a public corporation claims to have extended its limits so as to take in his property should act with promptness, and proceed with diligence, if he would resist the attempted annexation.'" As bearing upon this question, see the following cases: State v. City of Des Moines (Iowa) 65 N. W. 818, 31 L. R. A. 188, 59 Am. St. Rep. 381; City of Logansport v. La Rose, 99 Ind. 119, 132; 1 High, Inj. (3d Ed.) 547; Cooley, Const. Lim. 311; Black v. Brinkley, 54 Ark. 372, 15 S. W. 1030; 1 Beach, Pub. Corp. § 423.

It is disclosed by the record in this case that by order of the said council made in March, 1890, more than twice as much territory was added to the city of Pierre as it formerly contained. To now permit the proceedings of the said council to be questioned by

the appellant would result in great injustice to other parties owning property within the said city. The owners of other portions annexed by the order of the city council have apparently acquiesced in said annexation proceedings, and it would be manifestly unjust to the citizens of Pierre to permit her to question the validity of the petition under which the city council acted. She must therefore be held to be estopped from now showing the invalidity of those proceedings. The court therefore ruled correctly in sustaining the respondent's objection to the proposed offer of proof.

The contention that the respondent did not in its answer plead an estoppel is clearly untenable. The facts constituting an estoppel were very clearly and fully stated in paragraph 8 of the defendant's answer.

It is further contended on the part of the appellant that the findings of the court are not supported by the evidence, but, as there is no specification of the particulars in which the evidence is insufficient found in the record or assignment of errors, that question it not before us for review. Land Mortg. Co. v. Case, 13 S. D. 28, 82 N. W. 90. And again it does not appear from the notice of appeal found in the abstract that the appeal was taken from the order of the court denying a new trial, and without such an appeal from the order there could be no review of the evidence in this court. Gade v. Collins, 8 S. D. 322, 66 N. W. 466. It affirmatively appears from the record in this case that the motion for a new trial was heard and denied several months after the rendition of the judgment in the action.

Finding no error in the record , the judgment of the court below is affirmed.