## BAKER v. WARNER *et al.*

1. The complaint in an action by the transferee of a note payable to C., or order, having alleged it was indorsed by C., and the answer having denied each and every allegation of the complaint, except such as were specifically admitted in the answer, which did not include the indorsement by C., plaintiff must prove the indorsement.

2. The allegation of the answer, in an action by the transferee of a note, that, if the note was transferred to plaintiff, it was transferred without consideration; is not an admission that it was indorsed by the payee.

3. Where a note payable to order is transferred without indorsement, the transferee must aver and prove the assignment.

4. The execution of notes sued on being admitted, evidence by defendant that the way they were signed, in the lower left-hand corner, was unusual and irregular, is inadmissible.

(Opinion filed Nov. 26, 1902.)

Appeal from circuit court, Brule county. Hon. FRANK B. SMITH, Judge.

Action by Samuel Baker against F. W. Warner and others. Judgment for plaintiff. and defendants appeal. Reversed.

*J. B. Long* and *S. H. Wright,* for appellants.
*Bailey & Voorhees* and *James Brown,* for respondent.

HANEY, P. J.   This action is upon three promissory notes. The complaint contains three counts, all substantially the same, except as to dates and amounts.   It is alleged in the first count: (1) That on December 6, 1892, defendants executed and delivered to one E. Cooper their certain promissory note, and thereby promised to pay said Cooper, or order, $600, on March 1, 1894, with interest at 8 per cent. from date, payable annually; (2) that thereafter, and before the maturity of said note, the payee named therein, in the due course of business, and for a valuable consideration, sold, transferred, and delivered said note to the plaintiff, and indorsed the same, and that the plaintiff became, and now is, the owner and holder thereof; (3) that the said note is past due, and that no part of it has been paid, except $100, paid thereon December 7, 1892; and (4) that there is due and owing to the plaintiff upon said note $740, with interest.   Defendants answered the first cause of action as follows: "(1) Admit the execution and delivery of the promissory note mentioned and described in paragraph 1 in said complaint by defendants.   (2) Deny that before the maturity of said note the said E. Cooper, for a valuable consideration, or for any consideration, sold, transferred, and delivered the same to the plaintiff herein.   (3) Upon information and belief defendants deny that said Samuel Baker, the plaintiff, is now the owner and holder of said note, but allege that the same is the property of said E. Cooper, the payee named therein. And defendants deny that there is now due and owing to plaintiff from defendants, upon said note, the sum of $740, with in-

terest as claimed, or any sum whatever." As to the other counts defendants expressly admit that the notes mentioned therein are due and unpaid, otherwise such counts are answered in substantially the same manner as the first. Defendants, further answering, "deny each and every allegation contained in plaintiff's complaint, and in the several causes of action therein set up, except as specifically admitted" in the answer. They allege that the notes were given for the purchase price of a horse sold with a warranty, and a breach of such warrant, and, further answering upon information and belief, defendants allege "that this plaintiff wrongfully and falsely pretended to purchase the said several notes before maturity thereof, for the express purpose of making it appear that he was an innocent purchaser, and to enable him to maintain an action thereon as an innocent purchaser before maturity, and for a valuable consideration, and to deprive these defendants of their defense to an action upon said notes instituted by the payee, the said E. Cooper; that this plaintiff did not purchase said notes in good faith, but that he knew at the time of the alleged purchase thereof that said stallion was unsound, and not as warranted and represented by said E. Cooper, and that said notes were transferred to and taken by said plaintiff, if they were so transferred and taken, without any consideration whatever." At the close of the plaintiff's testimony, defendants moved the court "to direct a verdict in their behalf, for the reason that the answer did not admit the transfer of the notes sued upon to plaintiff, but expressly denied such transfer, and that there was no evidence before the court showing the transfer of the notes to plaintiff." The motion was denied. At the close of all the testimony plaintiff moved the court to direct a verdict

in accordance with the prayer of the complaint, and defendants renewed their motion "to direct a verdict in their behalf upon the ground that there is no testimony whatever before the jury showing or tending to show that the plaintiff is the owner of the notes sued upon." Defendant's motion was denied, and plaintiff's was granted. Subsequently defendants' motion for a new trial was overruled, and they appealed from the judgment and order denying a new trial.

It is contended that the court erred in receiving the three notes sued upon in evidence, for the reason that it was not shown that the indorsement purporting to have been made by the payee was in his handwriting, and that the court erred in not directing a verdict in favor of the defendants, for the reason that there was no evidence tending to show that the plaintiff was the owner of the notes in suit. Counsel for respondent concede there is no evidence in the record to the effect that the indorsements were in the handwriting of the payee, They do not dispute the proposition that in a suit upon a note payable to a person therein named, or to his order, where the answer denies the execution of the indorsement, the signature of the indorser must be proven. Their position, in the language of their brief, is "that under the pleadings in this case it was not incumbent upon respondent to prove the signature of Cooper, for the reason that the genuineness of the signature was not a point in issue." This position is, we think, untenable. It is alleged in the complaint that each of the notes was indorsed by the payee named therein. Defendants deny each and every allegation contained in the complaint and in the several causes of action alleged therein, except such as are specifically admitted in the answer. Nowhere in the answer is the indorse-

ment of the notes by the payee admitted. Therefore the fact of their indorsement by him was a material issue under the pleadings. State v. City of Pierre, 15 S. D. 559, 90 N. W. 1047. This view is not inconsistent with the doctrine declared in Mc-Laughlin v. Alexander, 2 S. D. 226, 49 N. W. 99. In that case it was said: "A clear and explicit admission in one defense, in an answer, of allegations in a complaint denied in another defense in the same answer, when not unavoidably made for the purpose of presenting the defense in which the admission is made, is available to the plaintiff, and relieves him from the necessity of proving the allegations in his complaint so admitted in the answer." In the case at bar all the allegations of the complaint not specifically admitted are denied. The allegation that, if the notes were transferred to the plaintiff, they were transferred without any consideration whatever, cannot be construed as a specific admission that they were indorsed by the payee named therein. As the execution of the notes was admitted, their introduction in evidence was material only for the purpose of proving the indorsements, and, as no proof of the genuineness of the indorser's signature was offered, the situation was the same as if there had been no writing on the back of either of them, and they should have been excluded when objected to on that specific ground. Had it been shown that these notes were indorsed in blank by the payee, the possession of the paper might have been prima facie evidence of ownership in the plaintiff; but, in the absence of any evidence tending to prove the genuineness of the payee's signature, no indorsement was shown, and mere possession was not enough to raise a presumption of ownership in the plaintiff. Where a bill or note payable "to order" is transferred without indorse-

ment, the transferee must aver and prove the assignment, for mere possession of the instrument unindorsed is not evidence of ownership and its exhibition in the suit not sufficient ground of recovery.    Daniel, Neg. Inst. 741.    We think the notes should have been excluded when offered, and that the court should have directed a verdict in favor of the defendants on the ground that the plaintiff failed to prove any transfer of the instrument sued upon.

The execution of the notes being admitted by the pleadings, there was no error in rejecting defendants' offer to show, by expert witnesses, that the signing of notes at the lower left hand corner, as these in suit were signed, was unusual and irregular.

The judgment of the circuit court is reversed, and a new trial ordered.